**Orless STEMLEY, Plaintiff,**

**v.**

**DOWNTOWN MEDICAL BUILDING, INC., Defendant/Third Party Plaintiff/Appellant,**

**v.**

**Leonard L. SCHULER, Jr., et al., Third Party Defendants/Respondents.**

**No. 70287.**

Supreme Court of Missouri, En Banc.

Dec. 13, 1988.

Rehearing Denied Jan. 17, 1989.

Stephen D. Hoyne, St. Louis, for defendant/third party plaintiff/appellant.

Kevin P. Krueger, Kenneth W. Bean, St. Louis, for third party defendants/respondents.

RENDLEN, Judge.

From 1976 through April 1980 the Downtown Medical Building, Inc. (Downtown) contracted with General Elevator Engineering Co. (General), a Missouri corporation, to examine, maintain and repair the signal devices, enclosures, doors and interlocks of the elevator in its building at 819 Locust Street in St. Louis.[1]

On April 7, 1980, plaintiff Orless Stemley stepped through an open elevator door in the Downtown building and learned to her dismay, as she fell down the shaft, that the elevator was not in position at the floor she sought to board. At that time Leonard Schuler, Jack Wilkinson, Clifford Stebe, and Harold M. Schmich were employees of General and General carried an occurrence policy of liability insurance with Canadian Universal Insurance Company with limits of $500,000.00 and an excess policy of $3,000,000.00 with Stonewall Insurance Company.

---

1. In February 1979 General responded to a complaint concerning the elevator's interlock at the fifth floor and as required by its contract, repaired the same.

Following the Stemley incident, employees of General spoke with employees of Downtown, photographs of the interlock system were taken, and a recorded statement of Clifford Stebe was obtained. In April 1981, General changed its name to Twelve Ten Corporation and subsequently the corporation was dissolved and a Certificate of Dissolution issued on August 18, 1981.

In February 1984, Stemley filed suit for her injuries, naming Twelve Ten Corporation as defendant. Twelve Ten, alleging its dissolution, moved to dismiss, and on August 21st the action was dismissed with prejudice. Stemley appealed to the Eastern District Court of Appeals, where, on April 16, 1985, the dismissal order of the circuit court was affirmed. This occurred more than five years following Stemley's accident and three years, eight months after the dissolution of Twelve Ten Corporation. In the meantime, Stemley brought the current action against Downtown on April 5, 1985, two short days before the five-year statute of limitations ran. On May 18, 1987, Downtown filed its third party petition against Jack W. Wilkinson and Leonard L. Schuler as statutory trustees of Twelve Ten and as individuals, and against Clifford C. Stebe and Harold M. Schmich as individuals; judgment is also sought against a defendant ad litem to be appointed by the court. Count I seeks an equitable decree against Wilkinson, Schuler, and Twelve Ten, setting aside the dissolution of Twelve Ten on grounds that it was procured through misrepresentation. Count II prays appointment of Jack Wilkinson as defendant ad litem for Twelve Ten pursuant to § 537.020, RSMo 1986 on the showing that the certificate of dissolution established the death of the corporation. Downtown alleges it is entitled to indemnification and contribution by Twelve Ten from the proceeds of insurance which it had procured. Count III also seeks indemnity and contribution against Wilkinson and Schuler, alleging that if § 351.565 is ap-

plied and a defendant ad litem not appointed, Downtown will be denied due process and equal protection of the laws, for such application of the statute would create an impermissibly discriminatory distinction between corporate citizens and natural citizens without a rational basis. The trial court appointed Jack Wilkinson as defendant ad litem but thereafter on February 11, 1988, dismissed Counts I, II, and III as to Wilkinson and Schuler.[2] Wilkinson and Schuler's motion to dismiss Count IV, which sought noncontractual indemnity and contribution against all of the third party defendants based on their liability as individuals, was denied, and the presence of that count has not been challenged on appeal.

In light of recent changes to Rule 74.01(b), effective the beginning of this year, our jurisdiction is a threshold issue. The rule states that:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay.* In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added.) The trial court's order failed to expressly state "that there is no just reason for delay," as commanded by the current version of Rule 74.01(b), but did state that it was "a final order and judgment for purposes of appeal," which suf-

---

**2.** We presume that the trial court also intended to dismiss Count I as to Twelve Ten Corporation, as Stemley's previous action against Twelve Ten had been dismissed on the basis of the corporate survival statute, and the trial court may make an appropriate order on remand.

ficed under the rule previously in effect. *Speck v. Union Electric Co.*, 731 S.W.2d 16, 20–22 (Mo. banc 1987). Though trial judges are cautioned to not only determine the necessary facts but also to employ the express language of Rule 74.01(b) in such cases, we see no necessity in remanding this cause for inclusion of the precise language of the rule, for it is plain that the trial court intended the order to be appealable and the record bespeaks the fact that "there is no just reason for delay." [3] Because this action was pending when the amendment to Rule 74.01 took effect, it might be argued under Rule 41.06 that the previous procedure should govern so as not to work an injustice, but on the facts here, we deem the spirit of the amended rule is satisfied and the trial court's order was appealable. In this we are mindful that our rules are "construed to secure the just, speedy and inexpensive determination of every action." Rule 41.03.

■ As to subject matter jurisdiction, we have original appellate jurisdiction in cases involving the validity of a statute, Mo. Const. art. V, § 3, and as appellants challenge the constitutionality of § 351.565 as applied to them the cause falls within the ambit of this Court's jurisdiction. *State ex rel. Union Electric C. v. Public Service Commission*, 687 S.W.2d 162, 164–65 (Mo. banc 1985). "If our appellate jurisdiction properly attaches jurisdiction is not lost if the case is decided without reaching the constitutional issues, because our jurisdiction extends to all issues in the case." Id. at 165.

■ Turning to the merits, we hold that § 351.565 does not bar the third party peti-

tion. This statute, in pertinent part, provides:

> The dissolution of a corporation ... by the issuance of a certificate of dissolution by the secretary of state ... shall not take away or impair any remedy available to or against such corporation, its directors or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if suit or other proceeding thereon is commenced within two years after the filing of the articles of dissolution in the office of the secretary of state, or at any time prior to the filing of articles of liquidation in the office of the secretary of state, whichever date is later....

In *State ex rel. General Electric Co. v. Gaertner*, 666 S.W.2d 764 (Mo. banc 1984), a majority of this Court established "the general rule that a third party suit for contribution from a joint tortfeasor can be filed during the pendency of the underlying suit, irrespective of the statute of limitations applicable to the underlying tort claim." *Rowland v. Skaggs Companies, Inc.*, 666 S.W.2d 770, 772 (Mo. banc 1984). Though § 351.565 is technically a survival statute rather than a statute of limitations, *State ex rel. Eagle Oil Co. v. Tillman*, 712 S.W.2d 20, 23 (Mo.App.1986),[4] it has the practical effect of limiting to two years the time in which the action may be brought, id. at 22, and we find the principle of *General Electric* applicable here. The third party action could not possibly have been instituted within the statutory period because the third party plaintiff was not made a defendant until after the expiration of the two-year period. As voiced by the majority in *General Electric*, the third party petition should not be governed by the

---

**3.** In the case of *Bi–State Development Agency v. Peckham, Guyton, Albers & Viets, Inc.*, 747 S.W.2d 332 (Mo.App.1988), the trial court entered an order of dismissal in August 1987 which was not designated as final for purposes of appeal as required by former Rule 81.06. On March 2, 1988, after the effective date of the new rule 74.01, the court entered an order designating its previous order as a final judgment for purposes of appeal. Eastern District dismissed the appeal, noting that the procedure used by the trial court did not comply with either the old or the new rule. As stated above, the bench

and bar are cautioned to comply with the mandate of the new rule.

**4.** Statutes of limitations govern "the time within which legal proceedings must be commenced after the cause of action accrues," whereas survival statutes "[give] life to a substantive right that but for the statute would have been destroyed." 54 C.J.S. *Limitations of Actions* § 4 (1987). Section 351.565 abolishes the common law rule that dissolution of a corporation abates all legal actions against it. *Eagle Oil Co.*, 712 S.W.2d at 21.

time limitations placed on the original plaintiff's claim, 666 S.W.2d at 767, and the majority there noted that Rule 52.11 provides a third party petition may be brought "[a]t any time after commencement" of the original action, or in other words at any time during the pendency of the action. Id. at 766. Our holding is thus consistent with and furthers the purpose of the rule; accordingly, we need not reach the constitutional question posed in Count III of the third party petition.

■ We also hold that §§ 537.020 and 537.021 are applicable and the trial court's dismissal of Count II must therefore be reversed. § 537.020.1 provides:

> Causes of action for personal injuries, other than those resulting in death, whether such injuries be to the health or to the person of the injured party, *shall not abate* by reason of his death, nor *by reason of the death of the person against whom such cause of action shall have accrued;* but in case of the death of either or both such parties, *such cause of action shall survive* to the personal representative of such injured party, and *against the person, receiver or corporation liable* for such injuries and his legal representatives, and the liability and the measure of damages shall be the same as if such death or deaths had not occurred.

(Emphasis added.) In addition, § 537.021.1 states that:

> The existence of a cause of action ... for a personal injury not resulting in death, or for wrongful death, *which action survives the death of the wrongdoer* or the person injured, or both, shall authorize and require the appointment by a probate division of the circuit court of: ... (2) A personal representative of the estate of a wrongdoer upon the death of such wrongdoer; provided that, *if a deceased wrongdoer was insured against liability for damages for wrongdoing* and damages may be recovered from the wrongdoer's liability insurer, *then the court* in which any such cause of action is brought *shall appoint* at the request of the plaintiff or other interested party *a qualified person to be known as a defendant ad litem.* The defendant ad litem when so appointed shall serve and act as the named party defendant in such actions in the capacity of legal representative of the deceased wrongdoer ...

(Emphasis added.) The language of § 537.020 indicates that it may be applied to the "death" of a corporation and that the cause of action survives against its legal representatives; this interpretation is consistent with the holding in *Nudelman v. Thimbles, Inc.*, 225 Mo.App. 553, 40 S.W.2d 475, 477 (1931), in which a similar analysis was made of § 3280, R.S.1929, the predecessor of § 537.020, which contained essentially the same language as the current statute. Respondent contends this third party action is not within the statute's compass because it is not a "cause of action for personal injuries," but we hold that a third party claim for contribution and indemnification for liabilities incurred as a result of personal injury, which was recognized by this Court in *Missouri Pacific Railroad Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466 (Mo. banc 1978), is within the meaning of the statute. Therefore the trial court's dismissal of Count II is reversed and the count remanded for appointment of a defendant ad litem.

■ Regarding Count I, seeking to set aside the dissolution of Twelve Ten on grounds of fraud, it should be noted that "[w]hether impleader should be permitted in a case is a matter for the sound discretion of the trial court," *State ex rel. General Electric Co. v. Gaertner*, 666 S.W.2d at 767 n. 3, and here we find no abuse of discretion in the dismissal of this claim. It has been well stated that:

> The "purpose of third party practice is to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence[,] to obtain consistent results from identical or similar evidence and to accomplish ultimate justice for all concerned with economy of litigation and without prejudice to the rights of another" ... If the above purposes would not be served by the adjudication of the third-party claim, it is prop-

er for the trial judge to exercise discretion and dismiss the third-party petition [without prejudice].

*State ex rel. Green v. Kimberlin,* 517 S.W. 2d 124, 126–27 (Mo. banc 1974) (quoting *State ex rel. Laclede Gas Co. v. Godfrey,* 468 S.W.2d 693, 698 (Mo.App.1971)). Citing these passages, the trial court dismissing Count I stated that "the injection of an equitable claim attacking the dissolution of Twelve Ten Corporation into this action would implicate far more parties and issues than are involved in plaintiff's claim for damages for personal injury." Hence, finding no abuse of discretion and because the above-quoted principles were fairly applied, we affirm the trial court's ruling as to this claim.

In all this Leonard Schuler remains a defendant only in his capacity as an individual, for as noted above, the denial of the motion to dismiss Count IV was not appealed and that count remains pending in the trial court.[5] As previously discussed, we need not reach and do not decide the allegation of constitutional invalidity under Count III. We affirm as to Count I but reverse and remand as to Count II and direct the trial court to reinstate this count of third party plaintiff's petition and to appoint Jack W. Wilkinson defendant ad litem for Twelve Ten Corporation as prayed in the petition and as originally ordered by the trial court.

BILLINGS, C.J., WELLIVER, ROBERTSON, HIGGINS, JJ., and GARY M. GAERTNER, Special Judge, concur.

BLACKMAR, J., concurs in separate opinion filed.

DONNELLY, J., not sitting.

BLACKMAR, Judge, concurring.

I concur, except that I have some reservations about the dismissal of Count I. I believe that the trial judge should not have foreclosed the attempt to set aside the dissolution as contained in Count I, and that

the procedural complications he mentioned could have been taken care of by an order for separate trials as authorized by Rule 66.02. His orders of dismissal precluded any claim for indemnity against the corporation or its successors, as a part of the principal action. The convenience of trying the issues of comparative fault and damages in the same proceeding are manifest. *Gustafson v. Benda,* 661 S.W.2d 11, 15 (Mo. banc 1983).

Inasmuch as we now hold that the action for indemnity may be pursued against the defendant ad litem, the third party plaintiff undoubtedly has no need for the relief sought in the dismissed count. I therefore concur.

---

5. Though Schuler was not named as a defendant in his individual capacity in the caption of the third party petition, judgment is prayed against him as an individual in Count IV, which brings him personally into the suit. *See Watson v. Watson,* 562 S.W.2d 329, 331–33 (Mo. banc 1978).