Robert PATRICK and Norma Patrick, Plaintiffs–Respondents/Cross–Appellants,

v.

Richard Carroll ALPHIN and Alltel Missouri, Inc., Defendants–Appellants/Cross–Respondents.

Nos. 59297, 59344.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 11, 1992.

Kevin P. Schnurbusch, Adrian P. Sulser, Evans & Dixon, St. Louis, for defendants-appellants/cross-respondents.

Rosemary D. McGuire, Judy L. Cates, Brennan, Cates & Constance, Belleville, Ill., for plaintiffs-respondents/cross-appellants.

SMITH, Presiding Judge.

Defendants appeal from a judgment entered in favor of plaintiffs in a case arising from an automobile accident. The jury determined the total damages of Robert Patrick to be $750,000 and total damages of Norma Patrick for loss of consortium to be $400,000. The jury assessed 15% of the fault to plaintiff Robert Patrick resulting in judgment in his favor of $637,500 and in his wife's favor of $340,000. Those judgments are subject to adjustment for a $25,000 settlement received from another defendant. Plaintiffs cross-appeal from the denial of pre-judgment interest pursuant to § 408.040 RSMo 1986. We affirm.

In October 1986, plaintiff Robert Patrick was driving south on highway A near Doniphan, Missouri. As he crested a hill he observed two trucks ahead of him. He believed the trucks to be moving. His attention was temporarily distracted by a garage sale at a nearby farmhouse. When he redirected his attention to the road he realized that the trucks were both stopped. Each was occupying a portion of one of the two driving lanes. The road in question was narrow with little or no shoulder. The trucks were across from each other. Patrick also observed people in the road near the trucks. He did not observe any warning lights or safety cones. Patrick believed that he could not go between the trucks and that he could not stop in time to avoid a collision. He therefore drove his vehicle into a ditch alongside the highway. Because the ditch was muddy Patrick's vehicle stopped quickly and he was thrown against the glass and hit his head. He was taken to a hospital by ambulance. He was in and out of consciousness. He was subsequently transferred to a Veteran's Administration hospital.

Defendant Alphin was an employee of defendant Alltel Missouri and working in the course of his employment at the time of the accident. He had arranged to meet Michael Griffin, an independent contractor doing work for Alltel, on highway A to exchange equipment. They parked their vehicles on opposite sides of highway A with each infringing on their lane of traf-

entire case for an amount less than the judgment. No settlement offer in an amount less than the judgment was ever made and the statute is not applicable.

Motion to strike taken with the case is denied.

Judgment is affirmed.

KAROHL and AHRENS, JJ., concur.