825 S.W.2d 11 (1992)
Robert PATRICK and Norma Patrick, Plaintiffs-Respondents/Cross-Appellants,
v.
Richard Carroll ALPHIN and Alltel Missouri, Inc., Defendants-Appellants/Cross-Respondents.
Nos. 59297, 59344.
Missouri Court of Appeals, Eastern District, Division Four.
February 11, 1992.
*12 Kevin P. Schnurbusch, Adrian P. Sulser, Evans & Dixon, St. Louis, for defendants-appellants/cross-respondents.
Rosemary D. McGuire, Judy L. Cates, Brennan, Cates & Constance, Belleville, Ill., for plaintiffs-respondents/cross-appellants.
SMITH, Presiding Judge.
Defendants appeal from a judgment entered in favor of plaintiffs in a case arising from an automobile accident. The jury determined the total damages of Robert Patrick to be $750,000 and total damages of Norma Patrick for loss of consortium to be $400,000. The jury assessed 15% of the fault to plaintiff Robert Patrick resulting in judgment in his favor of $637,500 and in his wife's favor of $340,000. Those judgments are subject to adjustment for a $25,000 settlement received from another defendant. Plaintiffs cross-appeal from the denial of pre-judgment interest pursuant to § 408.040 RSMo 1986. We affirm.
In October 1986, plaintiff Robert Patrick was driving south on highway A near Doniphan, Missouri. As he crested a hill he observed two trucks ahead of him. He believed the trucks to be moving. His attention was temporarily distracted by a garage sale at a nearby farmhouse. When he redirected his attention to the road he realized that the trucks were both stopped. Each was occupying a portion of one of the two driving lanes. The road in question was narrow with little or no shoulder. The trucks were across from each other. Patrick also observed people in the road near the trucks. He did not observe any warning lights or safety cones. Patrick believed that he could not go between the trucks and that he could not stop in time to avoid a collision. He therefore drove his vehicle into a ditch alongside the highway. Because the ditch was muddy Patrick's vehicle stopped quickly and he was thrown against the glass and hit his head. He was taken to a hospital by ambulance. He was in and out of consciousness. He was subsequently transferred to a Veteran's Administration hospital.
Defendant Alphin was an employee of defendant Alltel Missouri and working in the course of his employment at the time of the accident. He had arranged to meet Michael Griffin, an independent contractor doing work for Alltel, on highway A to exchange equipment. They parked their vehicles on opposite sides of highway A with each infringing on their lane of traffic. *13 Neither driver utilized warning devices. It was these vehicles that Patrick swerved to avoid hitting.
Defendants initially challenge the standing of plaintiffs to bring and pursue the lawsuit and to receive a judgment thereon. In May 1990, plaintiffs filed for bankruptcy. A trustee was appointed and in June applied to the bankruptcy court to employ plaintiffs' personal injury counsel as special counsel to pursue the personal injury litigation. This application was granted by the bankruptcy court. The trustee did not intervene in the personal injury action. On the last day of trial, but prior to a verdict, plaintiffs applied to the bankruptcy court to exempt the personal injury litigation from the bankruptcy estate. Subsequent to the trial the trustee and the Patricks entered into a stipulation that the first $100,000 of the personal injury judgment, less attorney's fees, would be the property of the bankruptcy estate. In addition the $25,000 received in settlement from Griffin, minus attorney's fees, was made a part of the bankruptcy estate. The settlement had been effectuated prior to the filing of the petition in bankruptcy and $100,000 had been offered by defendants in settlement of the personal injury claim prior to filing that petition. Defendants contend that the bankruptcy trustee was the real party in interest in plaintiffs' suit and the case should have been dismissed for that reason.
When a debtor files for bankruptcy under Chapter 7, 11 U.S.C. § 541(a)(1) requires the debtor to schedule as assets "all legal and equitable interests of the debtor in property as of the commencement of the case". Harris v. St. Louis University, 114 B.R. 647 (E.D.Mo.1990). After the property enters the bankruptcy estate section 522 of the bankruptcy code lists exemptions the debtor may claim. In re Mitchell, 73 B.R. 93 (E.D.Mo.1987). That section also provides individual states the opportunity to "opt out" of the federal exemption scheme and create their own exemptions. The state of Missouri has chosen to opt out. Section 513.427 sets forth the state scheme. Any property of the estate which is exempt from attachment and execution, under Missouri law, is an allowable exemption from the bankruptcy estate.
In filing the exemption request the personal injury claim was effectively listed as an asset and then exempted. Further, the asset was known to the trustee and the court well before the exemption request and the trustee and the debtors were negotiating the distribution of any judgment received. At the time the exemption request was filed the personal injury claim was unliquidated and could not have formed a basis for an attachment or execution. State ex rel. Government Employees Insurance Company v. Lasky, 454 S.W.2d 942 (Mo.App.1970) [4-7]; In re Mitchell, supra; Scarlett v. Barnes, 121 B.R. 578 (W.D.Mo.1990) [3-9]. As such it was outside the bankruptcy estate and the plaintiffs were the real parties in interest. It is certainly clear here that the trustee, the bankruptcy court and the debtors intended to have the claim pursued by the plaintiffs and that the bankruptcy estate stood to benefit and in fact did benefit from the continuation of the suit by the plaintiffs. We find no error in the trial court's action in refusing to dismiss the case.
Defendants premise error on the failure of the trial court to grant their motion for judgment notwithstanding the verdict on the basis that plaintiffs failed to establish that defendant Alphin was the proximate cause of the accident. They contend that Alphin was not negligent, that the only negligent actor was Griffin. The well-established test of proximate cause is: "... whether, after the occurrences, the injury appears to be the reasonable and probable consequences of the act or omission of the defendant. The negligence of defendant need not be the sole cause of the injury. It is sufficient that it be one of the efficient causes thereof, without which the injury would not have resulted. A party is held liable if his negligence, combined with the negligence of others, results in injury to another." Warner v. Pruett, 599 S.W.2d 207 (Mo.App.1980) [2].
Alphin and Griffin met on highway A by prearrangement. They each parked *14 their trucks partially on the roadway and across from each other. Their combined actions created the narrow traffic space which Patrick considered inadequate to drive through. Neither Alphin nor Griffin utilized available warning lights or cones to advise drivers cresting the hill of their presence or that they were stopped. Alphin did not utilize a co-worker riding with him as a flagman to warn approaching traffic of the dangerous condition. A jury could properly find that both Alphin and Griffin were negligent and their combined negligence was the cause of Patrick's accident and injuries.
Defendants also challenge the sufficiency of the evidence to establish Patrick's main complaint of injury. The injury involved was temporal lobe disorder causing Patrick to display "organic brain syndrome, explosive type." This condition is permanent in nature and makes the patient unemployable. The condition is difficult of diagnosis and cannot be detected through objective medical tests such as EEG, CAT scans, or MRI. A clinical neuropsychologist and a psychiatrist both testified that based upon their evaluation of Patrick and discussions with his family, the head trauma sustained in the accident created the brain trauma which caused the temporal lobe disorder resulting in the organic brain syndrome. Testimony by members of Patrick's family established the extreme mood swings typical of the condition and their origin after the auto accident. In Bonner v. Watkins Motor Lines, Inc., 494 So.2d 1363 (La.App. 1986) [3] the court found the testimony of plaintiff's children and medical experts substantial evidence to support plaintiff's recovery for temporal lobe disorder and organic brain syndrome. The evidence here is substantially similar to the evidence in that case. There was substantial evidence to establish medical causation.
Defendants also challenge the sufficiency of the evidence to establish Patrick's loss of future earning capacity because the business he was conducting at the time of the accident was unprofitable. Our courts have allowed juries to infer a loss of earning capacity without the aid of experts when the disability precludes basic employment of any kind. Coulter v. Michelin Tire Corporation, 622 S.W.2d 421 (Mo. App.1981) [33]. The evidence was that Patrick was permanently disabled from any kind of work. He had always previously been employed and was young enough to have continued working but for his disability. The jury could properly consider damages for loss of earning capacity.
Defendants challenge the verdict-directing instruction as not supported by the evidence. What we have heretofore stated concerning Alphin's negligence disposes of that contention. Defendants also challenge three evidentiary rulings of the court. We have reviewed those challenges and the court's actions and find no abuse of discretion in the court's rulings. No precedential purpose would be served by a discussion of those contentions. We have similarly reviewed defendants' contention that a new trial should have been granted because the verdicts were excessive. It is the function of the jury to fix the amount of damages. Its determination should not be disturbed unless the amount is so grossly excessive that it shocks the conscience of the court. Gardner v. Reynolds, 775 S.W.2d 173 (Mo. App.1989) [1]. The injury sustained by Patrick was catastrophic, both to himself and to his wife. His condition renders him unable to work or to participate in normal family and social activities. The condition requires considerable work and effort by family members to cope. We are unable to say that the award shocks the conscience.
Plaintiffs, in their cross-appeal, assert they are entitled to prejudgment interest pursuant to § 408.040.2 because they offered to settle the case for less than the amount of the judgment. Their demand contained three claims, one for plaintiff husband, one for plaintiff wife and one for damage to the family business. The total of the three claims contained in the settlement offer exceeded the amount of the judgment, although the settlement offer for the husband and wife's claims was less than the judgment. The third claim was not tried but the record does not reflect that plaintiffs ever offered to settle the *15 entire case for an amount less than the judgment. No settlement offer in an amount less than the judgment was ever made and the statute is not applicable.
Motion to strike taken with the case is denied.
Judgment is affirmed.
KAROHL and AHRENS, JJ., concur.