Felicitas OLDAKER, et al., Respondents,

v.

Harold C. PETERS, et al., Defendants,

Missouri Highway & Transportation Commission, Appellant.

No. WD 47113.

Missouri Court of Appeals,
Western District.

Nov. 9, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 28, 1993.

Application to Transfer Denied
Feb. 22, 1994.

Judy Lynn Curran, Kansas City, for appellant.

William H. Pickett, Kansas City, for respondents.

Before HANNA, P.J., and
LOWENSTEIN and FENNER, JJ.

FENNER, Judge.

Appellant, Missouri Highway and Transportation Commission (MHTC), appeals from a jury verdict against it and in favor of respondents, Felicitas Oldaker and Reta Gaye Oldaker. This case arises out of an automobile accident which occurred on December 15, 1984, in which accident Lawrence Oldaker was killed. Felicitas Oldaker was the wife of Lawrence Oldaker and Reta Gaye Oldaker was his mother. The verdict was in the amount of $827,000.00 with fault assessed at 90% against MHTC and 10% against Lawrence Oldaker. The verdict was reduced to $802,000.00 in accordance with the assessment of fault and then reduced to the amount of $100,000.00 pursuant to section 537.610.2, RSMo Supp.1992.[1]

The accident in question occurred at approximately 8:15 p.m. on Route 71 in Jackson County, Missouri between Longview and Red Bridge Road. Julia Reidlinger was traveling north on this four lane highway when she lost control of her car and struck the center concrete median. Ms. Reidlinger's car came to rest perpendicular to the median protruding into the left lane of northbound Route 71. After coming to rest against the median, Ms. Reidlinger's car was first struck by a car driven by Robert McCartney. McCartney was able to back his car up and drive to the right hand shoulder of northbound Route 71 where he parked. McCartney had slowed to approximately 5 mph when he struck the Reidlinger vehicle and after the collision the Reidlinger vehicle remained against the median protruding into the left lane of traffic.

Two northbound motorists, Mr. Lauderdale and an unidentified motorist, stopped and helped Ms. Reidlinger out of her car and over to Mr. Lauderdale's vehicle on the right hand shoulder of northbound Route 71. Lawrence Oldaker was traveling south on Route 71. Lawrence Oldaker parked his vehicle on the right hand shoulder of southbound 71 and came over to the Reidlinger vehicle after Ms. Reidlinger had been removed from the vehicle. Mr. Lauderdale and Mr. Oldaker were inspecting the Reidlinger vehicle when Harold Peters struck the Reidlinger vehicle spinning it around 360 degrees, throwing Mr. Oldaker into oncoming traffic. Mr. Oldaker died from his injuries. Mr. Lauderdale heard the traffic coming and was able to lunge out of the way of harm.

---

1. All statutory references are to RSMo Supp. 1992, unless otherwise noted.

Respondents filed suit for wrongful death against Harold Peters and later added Ms. Reidlinger and MHTC as defendants.[2] The claim against Peters was subsequently settled, and on July 15, 1987, MHTC moved for summary judgment raising as a bar its claim of sovereign immunity. Citing *State ex rel. Missouri Highway and Transportation Commission v. Appelquist*, 698 S.W.2d 883 (Mo.App.1985), the trial court on June 23, 1988, sustained the motion and entered summary judgment for MHTC.

The cause proceeded to trial against Ms. Reidlinger and on August 17, 1989, a jury verdict was entered assessing 100% fault to Lawrence Oldaker and 0% fault to Ms. Reidlinger. Respondents then appealed alleging error in the verdict and in the trial court having granted MHTC's Motion for Summary Judgment. This initial appeal was decided by the Missouri Supreme Court in *Oldaker v. Peters*, 817 S.W.2d 245 (Mo. banc 1991) (hereinafter *Oldaker I*). In *Oldaker I*, the Supreme Court affirmed the jury verdict but reversed and remanded for further proceedings in regard to MHTC's Motion for Summary Judgment. Upon remand, the trial court set aside the summary judgment and the matter proceeded to trial against MHTC after which trial the verdict appealed herein was entered.

## I.

■ In its first point on appeal, MHTC argues that the trial court erred in overruling its Motion to Dismiss. MHTC argues that the issues presented by respondents' wrongful death action were decided in *Oldaker I*. Therefore, MHTC argues that the trial court exceeded its jurisdiction in overruling MHTC's Motion to Dismiss in contravention of the law of the case. Specifically, MHTC argues that because *Oldaker I* affirmed the judgment finding Lawrence Oldaker 100% at fault, the trial court lacked subject matter jurisdiction to proceed based on the law of the case.

The doctrine of the law of the case governs successive appeals involving the same issues and facts. *McClelland v. Ozenberger*, 841 S.W.2d 227, 231 (Mo.App.1992). Under the doctrine, the appellate decision becomes the law of the case in subsequent proceedings in the same cause, precluding reexamination of issues decided in the original appeal. *Id.* (citations omitted).

The issue decided in *Oldaker I* was the comparative fault of Ms. Reidlinger as opposed to Lawrence Oldaker. The jury was not able to assess comparative fault as to MHTC because it had been granted summary judgment. The fact that Lawrence Oldaker had been determined to be 100% at fault as compared to Ms. Reidlinger did not decide the comparative fault of MHTC as compared to Lawrence Oldaker where MHTC had been granted summary judgment. The fault of MHTC as compared to Lawrence Oldaker is a different issue which depends upon different evidence and, under the unusual circumstances of the case at bar, is not precluded by the doctrine of the law of the case.[3]

MHTC's argument that the trial court proceeding against it was in contravention of the law of the case is denied.

## II.

■ In its second point, MHTC argues that the trial court erred in overruling its Motion To Dismiss because the verdict in *Oldaker I*, finding Lawrence Oldaker to be 100% at fault, barred any subsequent action in this cause under the doctrine of collateral estoppel and the rule against splitting a cause of action.

In support of its collateral estoppel argument, MHTC points to the fact that in December of 1988, the Missouri Supreme Court in *Wilkes v. Missouri Highway and Transportation Commission*, 762 S.W.2d 27 (Mo. banc 1988), overturned the basis on which the trial court originally sustained MHTC's Motion for Summary Judgment, that of sov-

---

2. State Farm Mutual Automobile Insurance Company was also made a party in the original proceeding, but is not a party in this appeal.

3. As discussed under section II of this opinion, because of the unusual circumstances of this case the respondents should not be precluded from pursuing their cause of action against MHTC. *Oldaker I*, 817 S.W.2d at 248.

ereign immunity. *Wilkes* applied the provisions for the waiver of sovereign immunity in section 537.600 retrospectively to the plaintiff there. *Id.* at 28. MHTC argues that after *Wilkes,* MHTC was available to be rejoined as a party defendant by the respondents and since respondents proceeded to trial without rejoining their action against MHTC in August of 1989, nine months after the *Wilkes* decision, they are estopped from doing so after proceeding to trial against Ms. Reidlinger.

In *Oldaker I,* at issue was whether the holding in *Wilkes* should control where summary judgment was entered before *Wilkes* was decided. *Oldaker I,* 817 S.W.2d at 247. *Wilkes* was held to be applicable in *Oldaker I.* MHTC made the same argument in *Oldaker I* of the applicability of collateral estoppel, because of *Wilkes,* as it makes here. The Missouri Supreme Court found that collateral estoppel did not apply. *Oldaker I,* 817 S.W.2d at 248. This issue having been decided in *Oldaker I,* the holding in *Oldaker I* is the law of the case and will not be relitigated in this appeal.

■ MHTC argues further under its second point that allowing respondents' cause to proceed to trial against MHTC impermissably allowed respondents to split their cause of action. MHTC cites *Hagen v. Rapid American Corporation,* 791 S.W.2d 452, 455 (Mo.App.1990), for the principle that a plaintiff is not allowed to split his cause of action and try a single claim against different defendants seriatim.

In *Oldaker I,* 817 S.W.2d at 248, the Missouri Supreme Court held that because of the unusual circumstances presented by a change in Rule 74.01, the plaintiffs (respondents here) should not be punished by being precluded from pursuing their cause of action against MHTC.

The court noted as follows:

The trial court's order [granting summary judgment on behalf of MHTC] failed to state there was "no just reason for delay" as required by revised Rule 74.01 (effective at the time of the order), which governs entry of judgments as to fewer than all claims or parties when multiple claims or parties are involved in the action. In *Stemley v. Downtown Medical Building, Inc.,* 762 S.W.2d 43, 45–46 (Mo. banc 1988), we excused a trial court from stating that there was "no just reason for delay" as required by revised Rule 74.01(b), by holding that the spirit of the rule was satisfied with the court's designation of its order as final for purposes of appeal, which sufficed under the prior version of Rule 74.01. *Stemley* was handed down in December 1988, and at the time of the trial court's granting of summary judgment in the present case in June 1988, plaintiffs could not have been charged with the prescience of anticipating this Court's ruling on the subject. *Stemley* proceeded on the basis that the cause was already presented to this Court on appeal and the trial court had designated its order as final for purposes of appeal, which sufficed under the prior rule, amended while the action was pending.

The present case was pending when new Rule 74.01 was adopted, and the trial court entered an order after its effective date which was not in compliance with the new rule. Here the parties disagree as to whether the plaintiffs acted improperly in not taking further action to join the Highway Commission as defendant in light of *Wilkes,* which was handed down after summary judgment in favor of the Commission had been granted, and in the course of this argument, plaintiffs note that the order was not in the proper form for an appealable judgment as to one claim or party. Rule 74.01.

Notwithstanding *Stemley,* cases before and after have stated that a judgment as to one claim or party when there are multiple claims or parties in the action, though designated as final and appealable, is not so in the absence of a determination that "there is no just reason for delay," as required by new Rule 74.01. *Bi–State Development Agency v. Peckham, Guyton, Albers & Viets, Inc.,* 747 S.W.2d 332, 333–34 (Mo.App.1988); *Southtown Dental Center v. Wausau Insurance Co.,* 770 S.W.2d 524 (Mo.App.1989). Prior to new rule 74, it was often unclear when a judgment as to some, but not all parties, was final for

purposes of appeal. See *In re Estate of Caldwell,* 766 S.W.2d 464, 466 (Mo.App. 1989). The new rule was crafted with an eye to clearing some of the confusion, see Laughrey, Judgments—The New Missouri Rule, 44 J.Mo.B. 11 (1988), but uncertainty has risen in cases pending when the new rule became effective. In *Stemley* we tolerated the noncompliance with the revised rule. and permitted the appeal, but this should not be construed to mandate that an appeal must be taken without the "magic language" of the amended rule. Our rules are to construed "to secure the just, speedy and inexpensive determination of every action," Rule 41.03, and in the present case plaintiffs should not be punished for failing to appeal from an order on its face not containing the language required by Rule 74.01 and for failing to prophesy this Court's ruling in *Stemley* and instead waiting until entry of judgment and final resolution of all issues in the case.

*Oldaker I,* 817 S.W.2d at 248 n. 1.

Based upon the reasoning of the court in *Oldaker I,* respondents are not to be punished by the unusual posture of this case and MHTC's argument of claim splitting is denied.

## III.

In its third point, MHTC argues that the trial court erred in overruling appellant's motions for directed verdict and judgment notwithstanding the verdict because respondents failed to prove the essential elements of dangerous condition, notice, and causation as required pursuant to section 537.600.1(2), in order to overcome MHTC's defense of sovereign immunity.

Section 537.600.1(2) provides, in pertinent part, as follows:

[Sovereign immunity is waived for i]njuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omis-

sion of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition. In any action under this subdivision wherein a plaintiff alleges, that he was damaged by the negligent, defective or dangerous design of a highway or road, which was designed and constructed prior to September 12, 1977, the public entity shall be entitled to a defense which shall be a complete bar to recovery whenever the public entity can prove by a preponderance of the evidence that the alleged negligent, defective, or dangerous design reasonably complied with highway and road design standards generally accepted at the time the road or highway was designed and constructed.

In the case at bar, respondents alleged against MHTC that the death of Lawrence Oldaker was caused by the dangerous condition of Route 71 because it lacked freeway lighting. MHTC argues under its third point that (1) the respondents failed to prove that the lack of freeway lighting on Route 71 was a dangerous condition of public property; (2) the respondents failed to prove that MHTC had actual or constructive notice that the accident site constituted a dangerous condition of public property; and (3) the respondents failed to show that lack of freeway lighting directly caused or directly contributed to cause the death of Lawrence Oldaker.

### DANGEROUS CONDITION

■ The dangerous condition exception to sovereign immunity refers only to physical defects in a public entity's property. *Hummel v. Metropolitan St. Louis Sewer Dist.,* 782 S.W.2d 451, 453 (Mo.App.1990). Lack of adequate lighting which renders property not reasonably safe for its intended purpose is a physical defect in a public entity's property where a duty to provide lighting is established.

■ MHTC argues that an unlit highway is not of itself a physical defect of a public

entity's property; otherwise, most of the nation's roads in rural areas would be considered to be in a dangerous condition. However, as discussed more fully below, in the case at bar there was evidence to establish a duty on the part of MHTC to provide lighting by virtue of the requirements of its own design manual.

Respondents did not fail to establish a dangerous condition.

## NOTICE

■ The notice requirement was satisfied by the testimony discussed below to the effect that MHTC deviated from its 1961 design manual in regard to lighting for the roadway in question. If lighting should have been installed when the project was constructed as per MHTC's design manual, MHTC had actual notice that absence of lighting created a dangerous condition.

## CAUSATION

■ Actionable negligence requires a causal connection between the conduct of the defendant and the resulting injury to the plaintiff. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 244 (Mo. banc 1984). If a causal connection exists, it is said that the negligence charged is the proximate cause of the injury. *Sirna v. APC Bldg. Corp.*, 730 S.W.2d 561, 564 (Mo.App.1987). Proximate cause, and hence, a causal connection, are present if the evidence shows the negligence to have been the efficient cause which set in motion the chain of circumstances leading up to the injury. *Id.* The test is not whether a reasonably prudent person would have foreseen the particular injury but whether, after the oc-

currences, the injury appears to be the reasonable and probable consequence of the act or omission of the defendant. *Id.* The negligence of the defendant need not be the sole cause of the injury, as long as it is one of the efficient causes thereof, without which injury would not have resulted. *Patrick v. Alphin*, 825 S.W.2d 11, 13 (Mo.App.1992).

■ The mere fact that injury follows negligence does not necessarily create liability; the plaintiff has the burden of showing a causal connection between the submitted negligence and the injury. *Pringle v. State Highway Comm'n*, 831 S.W.2d 735, 737 (Mo. App.1992). If the evidence leaves the element of causal connection in the nebulous twilight of speculation, conjecture and surmise, plaintiff's burden is not met. *Id.* (citation omitted). However, the plaintiff is not required to prove all elements of actionable negligence by direct evidence. The elements of actionable negligence may be shown by circumstances from which they may be inferred. *McCroskey v. Burlington Northern Railroad Co.*, 825 S.W.2d 337, 341 (Mo.App. 1992).

■ John C. Glennon, a traffic engineer, testified as an expert witness on behalf of respondents. Glennon testified that when the roadway in question was designed and built, the 1961 MHTC design manual was in effect. Glennon further testified that at the time of design and construction of the roadway, in accordance with the MHTC 1961 manual, conditions existed which justified the installation of continuous freeway lighting.[4] However, no such lighting was installed at the location of this accident up to the time of

---

**4.** The evidence established that the 1961 MHTC design manual provided that continuous freeway lighting was justified where three or more successive interchanges are located with an average spacing of 1.5 miles or less, and adjacent areas outside the right of way are substantially urban. Glennon testified that lighting was justified at the location in question on the basis of the MHTC guidelines. Such evidence of industry custom or standard is admissible in a negligence case. *Pierce v. Platte–Clay Elec. Coop. Inc.*, 769 S.W.2d 769, 772 (Mo. banc 1989).

MHTC also offered expert testimony to the effect that lighting was not justified under the 1961 manual in accordance with conditions existing in regard to the roadway in question.

There are disputes between the parties as to whether interchanges had to be part of a given project before they qualified, the definition of an interchange, and the interpretation of the spacing requirement. These matters were not specifically ruled on by the trial court. However, there was no specific objection presented or other request for a ruling by the trial court. Consequently, these matters were for the jury to determine in considering the circumstances which existed as well as the meaning and application of the language used in the 1961 design manual. The jurors were free to weigh the credibility of the expert testimony offered by respondents and MHTC.

the accident in question. It was Glennon's opinion that lack of lighting created a hazard at the accident site and that there was insufficient lighting for safe observation of the roadway under the circumstances of this accident.

Robert McCartney testified that at the location of the accident there was a blind spot against the concrete median and that he could not observe any vehicles against the median on the night in question. McCartney testified that he was only able to observe the Reidlinger vehicle after it was illuminated by his headlights. McCartney testified that he slowed his vehicle by taking his foot off the gas because he was aware of a potential problem in his lane of traffic due to traffic movement ahead. However, McCartney was not able to see the Reidlinger vehicle in sufficient time to avoid hitting it.

MHTC complains because there was no direct evidence that lack of lighting caused the Peters vehicle to strike the Reidlinger vehicle, thereby killing Lawrence Oldaker as he stood by the Reidlinger vehicle. While it is true that there was no testimony from Mr. Peters offered into evidence, the testimony of Glennon and McCartney was sufficient to establish, by way of the circumstances which existed, a causal connection between the Peters accident and the lack of lighting.

Considering the evidence in the light most favorable to the verdict, the jury was entitled to find that MHTC was negligent by violating its design manual, that lack of lighting created a hazard which rendered the roadway dangerous, and that because of the lack of lighting, a vehicle was not able to observe the Reidlinger vehicle in sufficient time to avoid colliding with it.

MHTC's argument of insufficient evidence to establish causation is denied.

The judgment of the trial court is affirmed.

All concur.