In re David Grover BROOKS and
Bonnie Lee Brooks, Debtors.

and

In re Freddie Leon SELBY and
Jeanne Lou Selby, Debtors.

Bankruptcy Nos. 94–43408, 94–40214.

United States Bankruptcy Court,
W.D. Missouri.

Oct. 30, 1998.

Teresa Terry, Liberty, MO, for debtors.

Thomas J. O'Neal, Shughart, Thompson & Kilroy, Springfield, MO, for Professional Anesthetic Care.

Theodore M. Green, Kansas City, MO, for plaintiff.

Stuart Weiland, Kansas City, MO, for debtor.

Richard Beheler, Blackwell, Sanders, et al., Kansas City, MO, for defendant.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Both of these cases involve an Objection to Claim of Exemption filed by creditors of the estates. The facts and legal issues are almost identical in the two cases, therefore, a combined hearing was held on September 4, 1998. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Objections to Claim of Exemption will be overruled.

### FACTUAL BACKGROUND

A. *In re David and Bonnie Brooks,* Case No. 94–43408

Debtor David Brooks was injured in a motorcycle accident on June 27, 1993. He had surgery on that same date. Mr. Brooks testified that he has never recovered from the surgery, and that he thought something went wrong with the anesthesia. He stated that his limbs have not functioned properly since that time. David and Bonnie Brooks filed a Chapter 7 bankruptcy petition on December 23, 1994. Their bankruptcy schedules did not list a potential claim against the doctors responsible for his care following the motorcycle accident. The schedules did disclose the motorcycle accident. The debtors were granted a discharge on March 27, 1995, without notifying the trustee, and without amending his schedules to list such an asset. Since this was an asset case, the case was not closed until April 23, 1996, after final distribution. In the meantime, Mr. Brooks filed a medical malpractice lawsuit against James F. Piontek, M.D., Tricia Bennett–Jester, CRNA, and Professional Anesthetic Care, Inc. (the Brooks Defendants) in the Circuit Court of Jackson County, Missouri (the Jackson County Case) on June 25, 1995. I note that Dr. Piontek and Ms. Bennett–Jester were not listed as individual creditors in debtors' bankruptcy schedules, however, Professional Anesthetic Care, Inc. was so listed.

After a Motion for Summary Judgment was filed by the Brooks' Defendants in the Jackson County Case, Mr. Brooks moved this Court to reopen the bankruptcy case on September 23, 1997.[1] This Court entered an Order granting that motion on September 29, 1997.[2] On October 8, 1997, the Clerk of the Bankruptcy Court sent a notice, including the date, time, and location of a newly scheduled Meeting of Creditors.[3] That notice was sent to Professional Anesthetic Care, Inc. The Meeting of Creditors was scheduled for October 28, 1997. On October 15, 1997, debtors amended their bankruptcy schedules and claimed the cause of action in the pending

---

1. Case No. 94–43408, Doc. # 82.

2. *Id.* at Doc. # 83.

3. *Id.* at Doc. # 84.

Jackson County Case as an exempt asset.[4] The Brooks Defendants, as well as the Chapter 7 trustee, filed timely Motions for Extension of Time to Object to Debtors' Claim of Exemption.[5] This Court granted the extensions of time.[6] The Brooks Defendants then filed their Objection to Claim of Exemption on January 15, 1998. The Brooks defendants raise several issues in their Objection to Claim of Exemption. I find, however, that only two are relevant. First I will discuss whether a cause of action for medical malpractice is exempt in Missouri. I will then discuss whether the Chapter 7 trustee or the debtors is the proper party plaintiff to file the lawsuits on the dates they were filed.

B. *In re Freddie Selby and Jeanne Selby,* Case No. 94–40214

Debtor Jeanne Selby was involved in an automobile accident on June 24, 1993. She was treated shortly after the accident by a Dr. Thomas. Dr. Thomas referred Ms. Selby to Dr. Arthur Jenny, who performed surgery on her on September 14, 1993. Ms. Selby testified that she has never recovered use of her hands since the surgery. She also stated that she is in constant pain and is on medication. Mr. and Mrs. Selby filed a Chapter 7 bankruptcy petition on January 31, 1994. Though they listed the potential claim against the driver of the other automobile in their bankruptcy schedules, they did not disclose a potential claim against the treating physicians. Debtors' discharge was entered on April 28, 1994. The Chapter 7 trustee settled the claim against the driver of the other automobile for the sum of $3,500. Following the distribution of that asset and the filing of the final report, the bankruptcy case was closed on April 18, 1997.

On September 12, 1995, debtors filed a lawsuit against Arthur B. Jenny, M.D., Kevin F. Knop, M.D., and Professional Anesthetic Care, Inc. (the Selby Defendants) in the Circuit Court of Clay County, Missouri (the Clay County Case), without notifying the trustee or amending their bankruptcy schedules. After the Selby Defendants filed a Motion for Summary Judgment in the Clay County Case, debtors moved this Court to reopen their bankruptcy case on October 20, 1997.[7] The motion to reopen was granted by Order of this Court on October 21, 1997.[8] On December 10, 1997, debtors then filed amended schedules listing the cause of action in the medical malpractice lawsuit as an exempt asset of the bankruptcy estate.[9] The Selby Defendants filed timely Objections to the Claim of Exemption on January 6, 1998.[10]

The Selby Defendants, likewise, raise several issues in their objections. However, as in *In re Brooks,* I find that only the issues of exemption and standing are relevant to the matters before me.

*DISCUSSION*

I begin with the well-recognized premise that the filing of a bankruptcy petition creates a bankruptcy estate.[11] And the bankruptcy estate is composed of all property in which the debtor has any legal or equitable interest at the commencement of the case.[12] After property enters the bankruptcy estate, debtors in Missouri may claim certain exemptions pursuant to Missouri law.[13] And, in Missouri unliquidated medical malpractice claims involving personal injury may be exempted from the claims of creditors.[14] However, debtors must take some

4. *Id.* at Doc. # 85, Amended Schedule C.

5. *Id.* at Doc.è87 and 89.

6. *Id.* at Doc.è88 and 90.

7. Case No. 94–40214, Doc. # 65.

8. *Id.* at Doc. # 66.

9. *Id.* at Doc. # 67, Amended Schedule C.

10. *Id.* at Doc.è68 and 69.

11. 11 U.S.C. § 541(a).

12. 11 U.S.C. § 541(a)(1); *Patrick v. Alphin,* 825 S.W.2d 11, 13 (Mo.Ct.App.1992).

13. *Patrick v. Alphin,* 825 S.W.2d at 13; Mo.Stat. Ann. 513.427 (Supp.1998); 11 U.S.C. § 522(b)(1).

14. Mo.Stat.Ann. § 513.427; *Scarlett v. Barnes (In re Scarlett),* 121 B.R. 578, 581 (W.D.Mo.1990); *In re Kininson,* 177 B.R. 632, 634 (Bankr. E.D.Mo.1995); *In re Shahzad,* 147 B.R. 34, 37 (Bankr.E.D.Mo.1992); *In re Mitchell,* 73 B.R. 93, 95 (Bankr.E.D.Mo.1987), *affirmed,* 855 F.2d 859 (8th Cir.1988); *Patrick v. Alphin,* 825 S.W.2d 11, 13 (Mo.Ct.App.1992);

affirmative action to declare unliquidated claims as exempt.[15] The debtor must "list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007."[16] Until such time as an asset is claimed as exempt, it has no exempt status. Therefore, the unliquidated claims, whether listed or not, were property of their bankruptcy estates when the respective cases were filed.[17] However, the Bankruptcy Code (the Code) and the Federal Rules of Bankruptcy Procedure (the Rules), when read together, permit debtors to amend their schedules and claim exemptions otherwise omitted. The Rules allow debtors to amend their schedules at any time before the case is closed.[18] And, the Code allows a closed case to be reopened to administer assets or to afford relief to the debtor.[19] In both of the cases at hand, debtors moved this Court to reopen their cases in order to administer assets and afford relief to the debtors. The Court granted those requests. Once the cases were reopened, debtors were entitled to amend their schedules and claim as exempt their unliquidated claims for medical malpractice. As I stated above, unliquidated claims for torts which cause injury to the person are exempt in Missouri.[20] And a claim for medical malpractice is a personal tort, as opposed to a property tort. Therefore, to the extent Mr. and Mrs. Brooks have a valid cause of action against the Brooks Defendants, all or part of the proceeds of any judgment in their favor is exempt. Likewise, to the extent Mr. and Mrs. Selby have a valid cause of action against the Selby Defendants, all or part of the proceeds of any judgment in their favor is exempt. Thus, I will overrule the Objections to Claim of Exemption filed by the Brooks Defendants and the Selby Defendants.

 Next, I take up the issue of standing. When a Chapter 7 bankruptcy petition is filed, the United States Trustee appoints a disinterested person from a panel of private trustees to serve as the trustee in the case.[21] The trustee is, thereafter, the representative of the estate.[22] As such, the trustee has the capacity to sue and be sued.[23] Moreover, the trustee's right to sue on behalf of the estate is an exclusive right.[24] And after the appointment of the trustee, the debtor no longer has standing to pursue a cause of action which existed at the time the order for relief was entered.[25] In other words, until an asset of the bankruptcy estate is exempted out of the estate, the trustee, not the debtor, owns the entire asset. As owner of the unliquidated medical malpractice claims, because they had not been exempted from the estate, only the Chapter 7 trustee had standing to file the Jackson County Case on June 24, 1995, and the Clay County Case on September 12, 1995. In *Honore v. Nationscredit Financial Services*, an unpublished opinion from the United States District Court–Northern District of Illinois, the Honorable James B. Moran stated "a party does not have standing to assert claims respecting property in which he has no present interest, this court has no jurisdiction to entertain such claims, and an after-acquired interest will not create jurisdiction when there was none when the complaint was filed."[26]. Therefore, since the Chapter 7 trustee was the proper party plaintiff on the date the lawsuits were filed, the judge in the Jackson County Case and

---

15. *Patrick v. Alphin*, 825 S.W.2d at 13; Fed. R.Bankr.P. 4003(a);.

16. Fed.R.Bankr.P. 4003(a).

17. 11 U.S.C. § 541(a).

18. Fed.R.Bankr.P. 1009(a).

19. 11 U.S.C. § 350(b).

20. *See* note 14.

21. 11 U.S.C. §§ 701(a)(1) and 702(d).

22. 11 U.S.C. § 323(a).

23. *Id.* at § 323(b).

24. *In re Stinson*, 221 B.R. 726, 731 (Bankr. E.D.Mich.1998); *Kalish v. The Landing (In re The Landing)*, 160 B.R. 820, 823 (Bankr.E.D.Mo. 1993); *Nassau Sav. And Loan Assn. v. Miller (In re Gulph Woods Corp.)*, 116 B.R. 423, 428 (Bankr.E.D.Pa.1990); **3 Collier on Bankruptcy** ¶ 327.03[1] at 323–7 (Lawrence P. King, ed., 15th ed. rev.1998); Fed.R.Bankr.P. 6009.

25. **3 Collier on Bankruptcy** ¶ 327.03[1] at 323–7 (Lawrence P. King, ed., 15th ed. rev.1998)

26. 1997 WL 322047 *2 (N.D.Ill. June 9, 1997).

895

the judge in the Clay County Case must now decide if the trustee can be substituted as the proper party plaintiff at this time. This Court makes no finding as to that issue.

An Order in accordance with this Memorandum Opinion will be entered this date.