August G. BEISER, et al.,
Plaintiffs-Respondents,

v.

George HENSIC, et al.,
Defendants-Appellants.

Nos. 45632, 45641.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 14, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied Aug. 1, 1983.

Application to Transfer Denied
Sept. 20, 1983.

Robert C. Jones, Clayton, Kenneth J. Heinz, St. Louis, for defendants-appellants.

Ray A. Gerritzen, St. Louis, for plaintiffs-respondents.

DOWD, Judge.

This appeal concerns the ownership and use of a roadway located in St. Louis County.

Plaintiffs Beiser, Baisch, and Brusselback claimed title, by warranty deed or by adverse possession, to a private road that allows access to their land. The road traverses several lots, lastly that of the Hensics, before reaching plaintiffs' property. Plaintiffs sued the Hensics, requesting a finding that plaintiffs own the fee simple title to the road. The petition also sought an injunction against and damages for obstruction of the roadway by speed deterrents. That suit was consolidated with one the Hensics filed against the Brusselbacks, which requested damages for and injunction against the Brusselbacks' alleged unreasonable use of the roadway by excessive vehicle speed. All adjoining landowners with interests in the road were eventually joined as parties to the action, but some defaulted or did not appeal.

The trial court found that plaintiffs Beiser, Baisch, and Brusselback and defendants Hensic, Biere, Bromley, Fletcher, Williams, Nies, Olson, Ambrosius, and Merenda are tenants in common as to an undivided fee simple interest in the roadway. The court further found that all parties (those just named plus defendants Burnet, Stinson, and Deschu) have an easement in perpetuity over the roadway for ingress and egress. The court permanently enjoined all parties from in any manner impeding or obstructing that ingress and egress, and dismissed all claims for damages.

Defendants (hereinafter appellants) Hensic, Biere, Bromley, Fletcher, Williams, and Nies appealed the trial court's decree. All appellants cite as error the finding that appellants and respondents own the fee simple title to the roadway as tenants in common. Appellants Hensic also allege the court erred in enjoining the use of speed deterrents on the roadway. Defendants Burnet, who purchased property from the Brusselbacks after litigation had commenced, responded separately from plaintiffs Beiser, Baisch, and Brusselback (all are hereinafter referred to as respondents).

We review this court-tried case upon both the law and the evidence, giving due regard to the opportunity of the trial court to have judged the credibility of witnesses. Rule 73.01. We must affirm the trial court's judgment unless it is unsupported by substantial evidence or is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

We begin our consideration of the title controversy with a deed from Thomas and Susan Ackerman to William Thane, dated January 13, 1900 and recorded August 21, 1902 in Book 138, page 11 of the St. Louis County Recorder of Deeds. The parties before us basically agree that their interests in the roadway depend upon the interests conveyed or retained under the Ackerman-Thane deed. Each appellant is a successor in title to Ackerman; each respondent is a successor in title to Thane.

To determine what property interest the Ackermans conveyed to Thane, we must examine the deed to ascertain the grantors' intent. *See Franck Bros., Inc. v. Rose,* 301 S.W.2d 806, 811 (Mo.1957). The deed recites in pertinent part that the Ackermans, in consideration of $312.50,

> grant, bargain and sell, convey and confirm, unto [Thane] the following described *roadway* over the land of [the Ackermans] to and from the land of [Thane] ... a *roadway* twenty feet wide, being ten feet on each side of the following described line .... To have and to hold the same unto [Thane], his heirs and assigns, *as and for a roadway* to and from the tract of land owned by him ..., [Ackerman] hereby convenanting and agreeing that he will warrant and defend the title to the said *roadway* unto [Thane] and his heirs and assigns entitled to the same as aforesaid, forever. (emphasis added).

The word "roadway" and the phrase "as and for a roadway" indicate that the grantors intended to give Thane a right of ingress and egress to and from Thane's property over their property. "The word 'road' or 'roadway' has seldom, if ever, been defined to mean land, but indicates a right of passage." *Franck Bros., Inc. v. Rose,* 301 S.W.2d at 811. In addition, although words such as "heirs," "assigns," and "forever" are not required to create an easement appurtenant or to define its duration, *see Three-O-Three Inv., Inc. v. Moffitt,* 622 S.W.2d 736, 739–40 (Mo.App.1981), the presence of those words in the deed indicates the parties intended use of the roadway to be a "perpetual" incident of possession of what was then Thane's property. *See Brown v. Redfern,* 541 S.W.2d 725, 729–30 (Mo.App.1976). Thus, the apparent intention of the parties was to convey and warrant an easement and not a title in fee simple. *See Franck Bros., Inc. v. Rose,* 301 S.W.2d at 811.

Surrounding circumstances support that conclusion. A strip of land 20 feet wide and 3097 feet long, running across another's property, "would have little value for any purpose other than a roadway." *Id.* Furthermore, if the Ackermans had conveyed a fee, they would have lost their right to use the road and thereby rendered a large portion of their property south of the road inaccessible from the northern portion; such a disadvantage "would tend to indicate no such intention." *Id.*

Appellants' expert title examiner testified at trial that the Ackerman-Thane deed granted an easement to Thane, with the Ackermans retaining the underlying fee. Even respondents' expert testified, without expressing a firm opinion, that he felt "it was an easement grant and not a fee grant." We agree the deed granted an easement to Thane, and the Ackermans retained the fee. Regardless of what Thane's successors in title may have thereafter purported to convey, they could not convey fee simple title to land which they did not own.

■■■ Since respondents do not have fee simple title by warranty deed to the strip of land over which the road runs, we turn next to respondents' theory that they acquired fee simple title by adverse possession.[1] We find it is without merit. To constitute effective adverse possession, possession must be hostile and under a claim of right, actual, open and notorious, exclusive, and continuous for ten years. *Teson v. Vasquez,* 561 S.W.2d 119, 125 (Mo.App.1977). Failure to prove any one of these elements prevents ripening of title by adverse possession. *Id.* The possessor's occupancy must be in opposition to the title, and in defiance of the rights, of the record owners. *Id.*

■■■ The evidence showed respondents and their predecessors had used the road for more than ten years and performed some road maintenance, and respondents paid county taxes on the road in some years. We think this evidence is insufficient to prove all the elements of adverse possession. First, the road was open to public use and, as holders of a roadway easement,

---

1. The trial court's only specific finding in this regard was that all parties and their predecessors in title have used the roadway for over ten years for access to their respective properties, and the public has used the road for access thereto from Highway 109.

respondents had the right to use the road for ingress and egress. Second, respondents' contributions to maintenance of the road, particularly of that part only they used, were perhaps not required but also were not inconsistent with ownership of an easement. Third, the trial court found that St. Louis County assessed and collected real estate taxes on the road from *both* appellants and respondents; payment of taxes therefore proves nothing regarding claims of ownership, or notice thereof. Because their "occupancy" of the road was thus not inconsistent with or obviously defiant of the real owners' rights, respondents were obliged to prove the owners actually knew of their adverse claim during the ten year period. *See Teson v. Vasquez,* 561 S.W.2d at 127. The evidence neither shows actual knowledge nor allows us to presume constructive knowledge on the part of the record owners.

We conclude that appellants own in fee simple that part of the road passing over their respective properties. Ownership is subject to respondents' roadway easement for ingress and egress.

As previously noted, appellants Hensic contend the trial court erred in permanently enjoining all parties from in any manner impeding or obstructing ingress and egress over the roadway.

The owner of a a servient estate has the right of full dominion and use of a roadway strip of land, but he cannot substantially interfere with its reasonable use by the easement owner. *Stotzenberger v. Perkins,* 332 Mo. 391, 58 S.W.2d 983, 987 (1933); 2 G. Thompson, Real Property § 426, at 655 (1980 Replacement). The servient estate owner may not make the easement less useful or convenient. 2 G. Thompson, Real Property § 431, at 689 (1980 Replacement). Reasonable use of an easement is a question of fact. *Id.* § 426, at 655.

The trial court found that all the parties have an easement for ingress and egress over the road, and that none of them may impede its use by speed bumps or other surface obstructions. From this result, it is apparent the trial court found that respondents' use of the road was not unreasonable and that placement of speed deterrents on the road by appellants Hensic unnecessarily or unreasonably interfered with use of the road. The trial court heard the testimony of the witnesses and viewed the exhibits, including photographs, surveys, and a fire district warning of an ordinance violation for obstructing the road. We see no need to detail the evidence adduced. Substantial evidence supported the grant of injunctive relief, and we affirm that portion of the trial court's judgment.

The judgment is remanded for entry of judgment in accordance with this opinion as to the ownership of the road.

SNYDER, P.J., and GAERTNER, J., concur.