John J. FISCHER, et ux.,
Plaintiffs-Appellants,

v.

William F. TRENTMANN, et ux.,
Defendants-Respondents.

No. 47189.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 1, 1984.

Gael Davis Wood, Washington, for plaintiffs-appellants.

David L. Baylard, Union, for defendants-respondents.

SMITH, Judge.

Plaintiffs sought to enjoin the use by defendants of a private roadway connecting plaintiffs' land to a county road. Defendants own land adjoining the private road. The trial court denied the requested relief and this appeal followed. We affirm.

The roadway in question is 20 feet wide and approximately 2300 feet long. Its origins are found in a deed from Alex Trentmann and his wife Rose to Joseph Jasper executed in 1937. The Trentmanns are the grandparents of defendants and the source from which they derive title to their property. Jasper is a predecessor in title of plaintiffs. The land involved is reflected in the following plat.

At the time of the deed to Jasper, Alex Trentmann was the owner of Parcel A. Parcel B was owned by a John Maune. Parcel C was at one time owned by Maune but conveyed at some time to another party and is not pertinent to this appeal. Parcel D belonged to Jasper. The road in question was located entirely in Parcel A and ran along the north boundary of Parcel B continuing through A to the county road.

The deed to Jasper provided that grantors did: "Grant, Bargain and Sell, Convey and Confirm to [Jasper] the following described tract or parcel of land ... to wit: A strip of ground of the uniform width of twenty feet (20) ft.) for a private road, [then followed a legal description of the center line]. The premises hereby conveyed to be used as a right of way for a private road by [Jasper] his grantees, heirs and assigns forever; in common with the said [grantors] and their assigns, said private road extending from the lands of [Jasper] ... and running over and across the premises of [grantors] ... [Jasper] shall and will erect and maintain a gate at and across said private road at each end thereof at all times hereafter."

In 1946 Parcel B was conveyed by Maune to Alex Trentmann and his wife. In 1955 they conveyed that Parcel to their son Wilbert and his wife. In 1959 Alex died intestate leaving his wife, Rose, and two children surviving. In 1974 Rose died testate. By her will she left to Wilbert and his wife "all the real estate that I own lying on the South side of Norvin Maune's[1] road" and to her daughter Edna Kleekamp and her husband "the rest of my real estate which lies north ... of the Norvin Maune road, being the balance of the real estate owned by me at this time."

In March 1981, Wilbert and his wife conveyed to his son, William Trentmann and his wife, the defendants, a portion of Parcel B adjoining the road. That conveyance also purported to convey a non-exclusive right of ingress and egress to the property over the road.

■ It is plaintiffs' contention that the 1937 deed conveyed to their predecessor a fee simple title to the roadway reserving to the grantor only an easement. From this they conclude that defendants' predecessors had no authority to grant defendants an easement for the benefit of property not owned by Alex Trentmann at the time of the 1937 deed. At trial they also advanced evidence that the use by defendants was an unreasonable interference with their use of the roadway but the evidence fell far short of demonstrating such an interference. We will therefore review this case on the basis of the legal estate conveyed by the 1937 deed.[2]

■ The use of a general warranty deed does not necessarily indicate that the interest conveyed is a fee. *Root v. Mackey*, 486 S.W.2d 449 (Mo.1972) [1]. It is the totality of the language in the instrument which determines the interest conveyed. *Lloyd v. Garren*, 366 S.W.2d 341 (Mo.1963) [8]. Utilization of terms such as "right of way," "road" or "roadway" as a limitation on use of the land are strong, almost conclusive, indicators that the interest conveyed is an easement. *Franck Bros., Inc. v. Rose*, 301 S.W.2d 806 (Mo.1957) [4]; *G.M. Morris Boat Co. v. Bishop*, 631 S.W.2d 84 (Mo.App.1982) [2, 3]; *Beiser v. Hensic*, 655 S.W.2d 660 (Mo.App.1983) [2]. This doctrine is not limited, as plaintiffs suggest, to railroad rights of way. It arises rather from a recognition that from a practical standpoint long narrow strips of land serve little or no function other than for roads or rights of way. *Franck Bros., Inc. v. Rose*,

---

**1.** Norvin Maune was a successor in interest to Jasper.

**2.** In so doing we do not resolve the legal efficacy of the grant by Wilbert and his wife of an easement over a portion of the roadway which they did not own i.e.: that portion belonging to his sister and her husband. Plaintiffs' rights are limited to their non-exclusive use of an easement without unreasonable interference and are not determined by the legal rights of the owner of the servient estate. *See State ex rel. Appel v. Hughes*, 351 Mo. 488, 173 S.W.2d 45 (1943), l.c. 49; *Kiwala v. Bierman*, 555 S.W.2d 663 (Mo.App.1977) [4–6].

*supra,* [4]; *Beiser v. Hensic, supra,* [2]. Unless therefore the parties unequivocally make clear that a fee is intended it is presumed that they did not intend to create an otherwise unusable interest in land. Here the parties stated at four different places in the deed that the land was to be used as a private road. The land consisted of a strip of land 20 feet wide and close to half a mile long bisecting the land of the grantors. The deed specifically provided for permanent maintenance of gates at each end of the strip of land, an unusual provision in the grant of a fee. These are not indicia of fee ownership of the land. We find that the deed granted a non-exclusive permanent easement over the land to the grantee, nothing more.

■ Nor do we believe the will of Rose Trentmann expresses her belief that a fee had been granted. The language used by her, which did not expressly identify the roadway as hers, is not atypical of the usage of laymen when dealing with a permanent right of way. To place upon that language the meaning urged by plaintiffs that it evidenced her acknowledgment of no interest in the road is an unduly technical interpretation of that language. In any event, her belief as to the nature of what she owned does not change the legal meaning of the conveyance in the deed.

Judgment affirmed.

GAERTNER, P.J., and STEPHAN, J., concur.