Nelson W. HARTMAN, et al.,
Plaintiffs-Respondents-Appellants,

v.

J & A DEVELOPMENT COMPANY,
Defendant-Appellant-Respondent.

Nos. 47037, 47051.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 9, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 1984.

James D. Eckhoff, St. Louis, for plaintiffs-respondents-appellants.

Robert C. Jones, St. Louis, for defendant-appellant-respondent.

CRANDALL, Judge.

These are consolidated appeals from two judgments rendered in favor of plaintiffs Nelson W. Hartman, et al., and against defendant J & A Development Company for trespass by defendant and its agents on a private road, the ownership of which is claimed in fee by plaintiffs. A separate trial was held on an equitable count which sought an injunction from further trespass. The trial court decreed that plaintiffs are the owners in fee of the private road and enjoined defendant from any further acts of trespass over it. Thereafter, the issue of damages resulting from trespass by defendant was tried to a jury. Jury verdicts were returned in favor of plaintiffs jointly and against defendant in the amount of $15,000 actual damages and $30,000 punitive damages. Judgment was entered in accordance with the jury verdicts. These appeals ensue. We reverse on the equitable count and reverse and remand on the issue of damages.[1]

The dispute between the parties involves the issue of title to a private road which bisects defendant's land and connects plaintiffs' land with Conway Road in St. Louis County, Missouri. The parties agree that their respective rights in the road are governed by an 1898 deed which reads as follows:

---

1. Plaintiffs have cross-appealed alleging insufficient damages. Our disposition of defendant's appeal renders this point moot.

Quit Claim Deed. This Indenture, made on the 28th day of November, A.D., One Thousand Eight Hundred and Ninety-Eight by and between George Bauer and Annie Bauer; his wife, of the County of St. Louis and State of Missouri, parties of the first part, and Daniel Bauer of the County of St. Louis and State of Missouri, party of the second part, Witnesseth, That the said parties of the first part in consideration of the sum of One Dollar to them paid by the said party of the second part, the receipt of which is hereby acknowledged, do by these presents, remise, release, and forever Quit Claim unto the said party of the second part the following described Lots, Tracts, or Parcels of land lying, being, and situate in the County of St. Louis and State of Missouri, to-wit: A right of way of a private road thirty feet wide situated in Section Twelve Township 45 Range 4 East the centre line of which strip of land thirty feet wide is described as follows to-wit: Commencing at a stone in the southern boundary line of a tract of land in said Section Twelve belonging to the said Daniel Bauer from which the southeast corner of said tract bears South 74¾° E 11 chains and 28 links distant, thence through the lands of George Bauer in said Section 12 the following courses and distance S24° 44′ W 6 chains 15½ links S2° 30′ W 3 chains and 51½ links to a point in the centre of the Conway Road from which a said stone bears N 2° 30′ E 28 feet distant. TO HAVE AND TO HOLD the same with all the rights, immunities, privileges, and appurtenances thereto belonging unto the said party of the second part and his heirs and assigns forever so that neither the said parties of the first part nor their heirs nor any other person or persons for them or in their names or behalf shall or will hereafter claim or demand any right or title to the aforesaid premises or any part thereof but they and every of them shall by these presents be excluded and forever barred. IN WITNESS WHERE-OF, the said parties of the second part have hereunto set their hands and seals the day and year first above written.

Plaintiffs derive their interest from Daniel Bauer while the defendant derives his interest from George and Annie Bauer. The question is whether the conveyance of a private road by George and Annie Bauer to Daniel Bauer was a conveyance of fee simple title or was the conveyance of an easement.

Use of terms such as "right of way," "road," or "roadway" as a limitation on the use of land is a strong, almost conclusive, indication that the interest conveyed is an easement. *Franck Bros., Inc. v. Rose*, 301 S.W.2d 806, 811 (Mo.1957); *Beiser v. Hensic*, 655 S.W.2d 660, 662 (Mo. App.1983). This doctrine arises from a recognition that from a practical standpoint long narrow strips of land serve little or no function other than for roads or rights of way. *Franck Bros., Inc. v. Rose*, 301 S.W.2d at 811; *Beiser v. Hensic*, 655 S.W.2d at 662. Therefore, unless the parties make it clear that a fee is intended, it is presumed that they did not intend to create an otherwise unusable interest in land. In this case there are no clear indicia of fee ownership of the road. We hold that the deed provides plaintiffs with a non-exclusive permanent easement over the land of defendant, nothing more. The trial court, therefore, erred in declaring fee ownership in plaintiffs and in enjoining the defendant from further trespass.

We now consider the issue of damages. Because the jury's award rested on an improper premise, i.e. defendant's trespass, that judgment must be reversed. There was, however, evidence in the record from which a jury could believe that defendant interfered with plaintiffs' use of the right of way. Therefore, an issue remains as to liability for and damages arising from defendant's possible interference with plaintiffs' use of the easement.

The judgment of the trial court declaring that plaintiffs own the right of way in fee and enjoining defendant from further trespass is reversed. The judgment of the trial court as to damages is reversed and re-

manded for a new trial on all issues relating to defendant's possible interference with plaintiffs' use of the easement.

GAERTNER, P.J., and REINHARD, J., concur.