ROBERT JACKSON REAL ESTATE COMPANY, INC., et al., Plaintiffs–Appellants,

v.

Ronald W. and Dorothy A. JAMES, Defendants-Respondents.

No. 53511.

Missouri Court of Appeals, Eastern District, Division Two.

June 7, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 6, 1988.

Application to Transfer Denied Sept. 13, 1988.

Michael J. Doster, Chesterfield, for plaintiffs-appellants.

William T. Euwer, Clayton, for defendants-respondents.

DOWD, Judge.

Plaintiffs appeal from the judgment entered by the circuit court in equity finding that "all right, title, claim and interest in and to the private road known as Walnut Valley Road is vested in Defendants, Ronald W. James and Dorothy A. James, his wife, in fee simple absolute and to the exclusion of all others." We find error and reverse the judgment of the circuit court.

The dispute between the parties involves the issue of ownership of Walnut Valley Road, a private road located in St. Louis County, which abuts the property belonging to lot owners 4, 5 and 12 of Melrose Woods Subdivision. The listed lot owners and Jackson Real Estate Company are plaintiffs in this case, and defendants are Ronald and Dorothy James. Walnut Valley Road provides defendants and lot owners 4, 5 and 12 their only means of ingress and egress to their property from Melrose Road, a public thoroughfare. Walnut Valley Road commences at Melrose Road and dead ends upon entering the Jameses' tract. The road measures four-tenths of a mile in length and fifteen feet in width. Crushed rock covers the road, and at two points two cars travelling in opposite directions are able to pass one another. Plaintiffs' properties abut the road to the north and the Smith's property abuts the road to the south. (See our diagram based on facts in the record). [See Appendix.]

Plaintiffs and defendants have a common predecessor in title, William and Amelia Rahm. Prior to 1891, the Rahms owned both the James and Jackson tracts of land. The parties agree their respective rights in the road are governed by the deed executed by these common grantors in 1891. By warranty deed in 1891, the Rahms conveyed what is now the Jackson tract to

Edmund R. Heipertz. Following the description of the land conveyed, the deed in relevant part provides: "The party of the first part reserves from the sale of above described land, his private Road, fifteen feet wide, now located, and in use by him, across above described land...." Thereafter, the subsequent conveyances of the property included a provision subjecting the conveyance to the roadway reserved in the deed of 1891 except for the March 15, 1949 conveyance. The September 28, 1978 conveyance, in accordance with the recently completed survey executed by the Mathews to the Jacksons, included a provision describing the property as being the property located north of the center line of the private road as referred to in the original deed of 1891.

Tracing the chain of title to the James tract from the common grantors to their ownership begins with the execution of a warranty deed on February 14, 1898 by Amelia Rahm to Augusta Rahm and Amanda Jordan. This conveyance contains no reference to the private road. In fact the property is conveyed three more times before the deed on May 13, 1948 includes a provision concerning the private road. The May 1948 deed includes a provision concerning the private road reserved in the deed of 1891. Thereafter, the subsequent deeds, except for the one in September 1958, fail to contain a provision including the private road. Both deeds in May of 1958 included the following provision: "Subject to restrictions, reservations and easements of record, if any." The June 30, 1972 conveyance by Walsh to the Jameses included a similar provision: "SUBJECT to building lines, easements, conditions, restrictions, and right of ways of record," but this deed does not include any provisions covering the private road.

In September 1978, the Jacksons acquired a sixty-eight acre tract of land abutting Walnut Valley Road. The Jacksons subdivided this tract into twenty-one large lots, twenty of which were unimproved building sites. Robert Jackson as the developer of this proposed subdivision, Melrose Woods Subdivision, filed a plat and constructed two paved roads, Melrose Woods Drive and Melrose Ridge Drive, serving as outlets for the lots within the subdivision. An easement is dedicated on the plat for a third road, Melrose Valley Drive, not yet constructed. The only outlet for lots 4, 5 and 12 is Walnut Valley Road.

The Jameses own a forty acre tract of land bordering lot 12 of Melrose Woods Subdivision. The Jameses acquired their tract in June 1972 and board horses on their property which is known as Walnut Valley Farm.

The trial court in its findings of fact described the manner in which the Jameses have maintained the road and utilized the road as the sole means of ingress and egress to their farm. The trial court described the road as containing steep and perilous drops and as being capable of passage by two vehicles travelling in opposite directions at only two points on the road. Moreover, the trial court noted defendants' real property tax bills include the private road to Melrose Road as being part of their property for which they pay taxes.

Both plaintiffs and defendants claim ownership of Walnut Valley Road by virtue of their claim of title. Plaintiffs contend that they are entitled to the nonexclusive use of the road as a means of ingress and egress. The trial court found the Jameses to be the fee simple title owners of Walnut Valley Road and to have the right to the exclusive use and enjoyment of the road. The trial court concluded plaintiffs have no right of ingress and egress over the road. Plaintiffs instituted this action to quiet title to Walnut Valley Road in reliance on their deed.

Our scope of review of this equitable case is to uphold the judgment of the trial court if the trial court's findings are supported by substantial evidence and are not against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Furthermore, the trial court's findings must not erroneously declare the law or apply the law. *Id.*

Plaintiffs in their first point on appeal contend the trial court erred by finding defendants own the road in fee simple.

Plaintiffs argue the trial court erroneously declared the law governing the meaning of the words "road" or "roadway" when used in a conveyance. We agree with plaintiffs' contention that the trial court misapplied the governing law in Missouri.

Our Supreme Court in *Stotzenberger v. Perkins*, 58 S.W.2d 983, 986 (Mo.1933), held that a provision in a deed excepting and reserving a roadway for the use of the grantors as a limitation on the use of the land indicates a reservation of a private roadway and the interest reserved is an easement. "The word 'road' or 'roadway' has seldom, if ever, been defined to mean land, but indicates a right of passage." *Franck Bros., Inc. v. Rose*, 301 S.W.2d 806, 811 (Mo.1957). Missouri courts have justified this doctrine by pointing out "long narrow strips of land serve little or no function other than for roads or rights of way." *Hartman v. J & A Development Co.*, 672 S.W.2d 364, 365 (Mo.App.1984); *Franck, supra*, at 811. Unless the parties clearly provide for title in fee simple and show this is their intention, the presumption is that they did not intend to create an otherwise unusable interest in land. *Hartman, supra*, at 365.

■ Regardless of what the Jameses predecessors in title may have purported to convey, they could not convey fee simple title to the land. The apparent intention of the original grantors was to reserve and warrant an easement to themselves and not a title in fee simple. The 1891 deed specifically included a reservation of this private road by the grantors and described this private road as being fifteen feet wide and running across the described land in the deed. The original grantors indicated by this reservation in the 1891 deed their intention to reserve the use of this private road and not to convey away this interest in the road. A similar provision covering the private road can be found in the subsequent conveyances of the grantors' property including the conveyance to the Jacksons except for the March 15, 1949 conveyance.

■ Since the language of the condition which created the reservation of the original easement in the 1891 deed was not exclusive and the subsequent conveyances did not provide for exclusive use by the easement holders, the nature of the easement is one of nonexclusive use. *Kiwala v. Biermann*, 555 S.W.2d 663, 667 (Mo. App.1977). Any questions concerning the scope of an easement should be resolved in favor of the free and untrammeled use of the land. *Id.* The owner of property burdened with an easement, in this case the Jacksons, may use his property in any way so long as this use is not inconsistent with the easement. *Id.* at 666. Further, the fee owner may grant to a third person a concurrent easement if this easement is not inconsistent or unreasonably burdensome to the first easement and does not prevent the first grantee from having full enjoyment of his easement. *Id.* The nature of the proposed increased use of an easement determines whether the increased use will be a burden on the easement. *Id.* at 667. The courts in Missouri have distinguished cases involving an increase in the use of the easement from cases involving a change in the character of the easement. *Id.* In the case at bar, the increase of the use of the easement concerns an increase in the number of vehicles using the road covered by the easement. This is not a burden on the use of the easement, because this does not involve a change in the character of the easement, but only an increase in the number of vehicles using the road covered by the easement. The deed provides defendants with a nonexclusive easement, and therefore, the trial court erred by declaring fee ownership in defendants.

■ Plaintiffs next contend the trial court erred by resorting to extrinsic evidence to construe the 1891 deed, because the deed was unambiguous. We agree the trial court erred by relying on extrinsic evidence when construing the deed.

■ The rules of construction provide for the admission of extrinsic evidence when construing a conveyance only if the language of the deed is unclear and ambiguous. The intention of the grantor is to be determined by the language contained in the deed unless an ambiguity exists. *Wolf*

*v. Miravalle,* 372 S.W.2d 28, 34 (Mo.1963). In the case at bar, the trial court admitted extrinsic evidence by finding the governing deed of 1891 to be ambiguous. We find the language of the deed is clear and unambiguous and so the intention of the grantors at the time of conveyance is to be gathered from the language of the instrument, not from extrinsic evidence.

Even if the deed was found to be ambiguous, the surrounding circumstances support our finding that the grantors intended to reserve a nonexclusive easement. Prior to 1891, the Rahms owned both the Jackson and James tracts. The Rahms used the private road as a means of access to their land. In the 1891 deed, the Rahms conveyed what is now the Jackson tract and reserved from this conveyance the private road located across the described land. The grantors specifically provided for the private road in the conveyance by including a provision securing their right to use the road "now located and in use by him" across the property they were conveying. The deed described the road as being fifteen feet wide. As previously stated, long, narrow strips of land serve little or no useful function other than for roads or rights of way. *Franck, supra,* at 811. We therefore conclude the grantors intended the interest reserved to be an easement and not a title in fee simple, and the trial court erred in basing its decision upon extrinsic evidence which had no bearing upon the original grantors' intent. The language of the governing deed indicates the grantors intended to convey the land over which the road traversed and to reserve the road for their own use as a means of access to their property. The trial court improperly considered such factors as the width of the road limiting only one vehicle at a time to travel in opposite directions, the maintenance of the road by defendants, the taxes paid by defendants and the affidavit of the adjoining landowner which was not admitted into evidence at trial. The trial court erred in declaring fee ownership in defendants and by basing its findings of fact and conclusions of law on factors having no bearing on the original grantors' intent when construing the governing deed.

For the foregoing reasons, we reverse the trial court's judgment and conclude that plaintiffs hold fee ownership in the private road subject to defendants' nonexclusive easement in the road.

STEPHAN, P.J., and PUDLOWSKI, J., concur.

APPENDIX