Anthony DANIELE, et al.,
Appellants/Cross–
Respondents,

v.

MISSOURI DEPARTMENT OF
CONSERVATION, Respon-
dent/Cross–Appellant.

No. ED 90560.

Missouri Court of Appeals,
Eastern District,
Division One.

April 7, 2009.

Rehearing Denied May 18, 2009.

Stephen B. Evans, Saint Louis, MO, for Appellant/Cross–Respondents.

Kenneth J. Heinz, Carl J. Lumley, Saint Louis, and Tracy E. McGinnis, General Counsel, Missouri Department of Conservation, Jefferson City, MO, for Respondent.

Before KURT S. ODENWALD, P.J., GLENN A. NORTON, J., and PATRICIA L. COHEN, J.

## OPINION

PER CURIAM.

In this consolidated appeal, Anthony and Beth Daniele appeal the judgment of the trial court granting the Missouri Department of Conservation's motion for a directed verdict on the Danieles' claim for breach of contract. The Department cross-appeals the judgment of the trial court granting the Danieles' motion for a directed verdict on the Department's counterclaims for breach of contract and trespass. We affirm in part and reverse and remand in part.

First, we find that the trial court did not err in entering its judgment granting the Department's motion for a directed verdict on the Danieles' claim for breach of contract. An extended opinion on this issue

would have no precedential value. We have, however, provided the parties a memorandum setting forth the reasons for our decision. The trial court's judgment granting a directed verdict on the Danieles' claim against the Department is affirmed pursuant to Rule 84.16(b).[1]

Second, for the reasons explained below, we reverse and remand the judgment of the trial court granting the Danieles' motion for a directed verdict on the Department's counterclaims for breach of contract and trespass.

## I. BACKGROUND

The Department's counterclaims for breach of contract and trespass are based upon a deed executed on November 27, 2002, by which the Danieles granted the Department a waterline easement. The waterline easement was necessary to the Department's plan to construct a waterline which would service the new visitor's center at the Columbia Bottoms Conservation Area. The evidence showed that on August 23, 2003, Wehmeyer Farms, the subcontractor who was hired to lay the pipe connecting the visitor's center to the Danieles' waterline, punctured the waterline. Although the pipe was repaired, the Danieles claim that they continued to have problems with the quality of their water supply. Mr. Daniele admitted on cross-examination that, due to his frustration over the problems with the waterline, on August 26, 2003, he physically blocked the Department's access to the waterline by placing a trailer with a "keep out" sign over the easement. There was conflicting evidence regarding how long Mr. Daniele blocked the waterline; there was testimony that the easement was blocked for as little as one day and as much as six weeks.

Ultimately, the Department decided to re-route the waterline, which required it to obtain easements from two other neighboring homeowners. It presented evidence that the cost of purchasing these two other easements was approximately $11,000. There was also evidence that the Department incurred at least $125,000 in additional expenses associated with re-routing the waterline.

At the close of all the evidence, the Danieles filed a motion for a directed verdict on the Department's counterclaims for breach of contract and trespass. Although the trial court initially denied the Danieles' motion for a directed verdict on the Department's counterclaims, after further discussion the court withdrew its initial ruling and granted the motion. The trial court did not specify the grounds upon which it was relying in entering the directed verdict. The Department cross-appeals the judgment granting the Danieles' motion for a directed verdict.

## II. DISCUSSION

In its sole point on cross-appeal, the Department argues that the trial court erred in entering its judgment directing a verdict in the Danieles' favor on the Department's counterclaims for breach of contract and trespass. We will turn first to the Department's claim for breach of contract.

### A. The Department's Breach of Contract Claim

The Danieles presented two grounds in support of their motion for directed verdict on the Department's breach of contract claim: (1) the Department failed to plead and prove special damages; and (2) the Department is not the real party in interest.

---

1. All references to Rules are to Missouri Supreme Court Rules (2008).

### 1. Failure to Plead and Prove Special Damages was not a Proper Ground for a Directed Verdict on the Department's Breach of Contract Claim

When reviewing a trial court's judgment granting a motion for a directed verdict in favor of a counterclaimant, we must determine whether the defendant made a submissible case on its counterclaim. *Intertel, Inc. v. Sedgwick Claims Management Services, Inc.*, 204 S.W.3d 183, 199 (Mo.App. E.D.2006). If we find that a submissible case was made, then we must reverse the judgment of the trial court. *See id.* at 199, 203. We will review the evidence in the light most favorable to the counterclaimant, giving the counterclaimant the benefit of all reasonable inferences. *Id.* at 199. "A presumption is made in favor of reversing the trial court's grant of a directed verdict unless the facts and any inferences from those facts are so strongly against the [counterclaimant] as to leave no room for reasonable minds to differ as to the result." *Id.*

The Danieles argue on appeal that the trial court correctly directed a verdict on the Department's breach of contract claim because the Department failed to plead and prove special damages. This argument fails, however, because it is irrelevant to the question of whether the Department made a submissible case on its claim for breach of contract. In order to make a submissible case on a counterclaim for breach of contract, a counterclaimant must prove that: (1) a contract existed between the parties; (2) certain rights and obligations were created thereunder; (3) breach; and (4) damages. *Wasson v. Schubert*, 964 S.W.2d 520, 524 (Mo.App. W.D.1998).

In this case, the evidence showed that a contract existed between the Danieles and the Department. On November 27, 2002, the Danieles executed a deed granting a waterline easement to the Department. Generally, an easement is a right to use another's land for a particular purpose. *See VanCleve v. Sparks*, 132 S.W.3d 902, 905 (Mo.App. S.D.2004). A landowner may continue to use his land subject to an easement for any lawful purpose not inconsistent with the easement owner's enjoyment of the easement. *See id.* Thus, pursuant to the waterline easement, the Department had certain contractual rights and the Danieles had certain contractual obligations. The Danieles, as grantors of the easement, had an obligation not to interfere with the Department's exercise of its rights thereunder. *See id.*

The Department also presented evidence that the waterline easement was breached. The evidence showed that on August 23, 2003, the waterline was punctured by the subcontractor for the Department. The pipe was repaired; however, the Danieles claim that they continued to have problems with the quality of their water supply. Mr. Daniele admitted on cross-examination that, due to his frustration over the problems with the waterline, on August 26, 2003, he physically blocked the Department's access to the waterline by placing a trailer with a "keep out" sign over the easement. There was conflicting testimony regarding how long Mr. Daniele blocked the waterline, but the evidence supported a finding that it was blocked for as little as one day to as much as six weeks.

Finally, the Department presented sufficient evidence of actual damages. The Department presented evidence tending to show that, as a result of its difficulties with Mr. Daniele, it was forced to abandon its original plans and re-route the waterline. The re-routing of the waterline required that the Department obtain easements

from two other neighboring homeowners. The Department presented evidence that the cost of purchasing these two other easements was approximately $11,000. In fact, the Danieles' counsel conceded on the record that the Department had proved actual damages of at least $6,200.

Accordingly, we find that the Department made a submissible case on its counterclaim for breach of contract. The evidence supported a finding that: (1) a contract (i.e. the waterline easement) existed between the Danieles and the Department; (2) pursuant to this contract, the Department had the right to lay a waterline on the Danieles' property and the Danieles were obligated not to impede the Department's efforts; (3) the Danieles breached the waterline easement by blocking the Department's access to the waterline, if even for one day; and (4) the Department suffered actual damages. *See Wasson,* 964 S.W.2d at 524.

As shown above, whether the Department pled and proved special damages is irrelevant to a determination of whether it made a submissible case on its claim for breach of contract. *See id.* In fact, "[i]n Missouri, it is a fundamental precept of contract law that 'nominal damages are available where a contract and its breach are established.'" *Carter v. St. John's Regional Medical Center,* 88 S.W.3d 1, 12 (Mo.App. S.D.2002) (quoting *Dierkes v. Blue Cross and Blue Shield,* 991 S.W.2d 662, 669 (Mo. banc 1999)). We find, therefore, that the Department's alleged failure to plead and prove special damages was not a proper grounds upon which the trial court could have relied when it granted the Danieles' motion for a directed verdict on the Department's breach of contract claim.

**2. The Record does not Support a Finding that the Department is not the Real Party in Interest**

We now turn to the Danieles' argument that the Department is not the real party in interest. In general, "[e]very civil action shall be prosecuted in the name of the real party in interest." Rule 52.01. The real party in interest is a party having a "justiciable interest susceptible of protection through litigation." *Perkinson v. Burford,* 623 S.W.2d 30, 34 (Mo.App. E.D. 1981) (internal citations omitted).

The Danieles argue that the Department is not the real party in interest and therefore has no standing to maintain this suit. *See, e.g., Patrick v. Alphin,* 825 S.W.2d 11, 13 (Mo.App. E.D.1992) (treating standing and real party in interest as synonymous). In support of this argument, the Danieles rely on an assignment of easement under which the Department allegedly assigned to Missouri American Water all of its rights, title and interest to the waterline easement. The Danieles claim that this assignment, which was executed prior to the puncture of the waterline, effectively operated as a divestiture of the Department's rights and interests for purposes of maintaining a civil action upon the easement, and therefore the Department is not the real party in interest.

"The general rule is that an absolute assignment of an entire right or interest works as a divestiture of all right or interest of the assignor; and, for the purpose of maintaining a civil action, the assignee becomes the real party in interest." *McMullin v. Borgers,* 806 S.W.2d 724, 731 (Mo.App. E.D.1991). Nevertheless, the Danieles' argument that the Department is not the real party in interest fails because the assignment upon which the Danieles rely was never made part of the record. While it is clear from the trial transcript that counsel for the Danieles requested that the trial court take "judicial notice" of the assignment, there is absolutely no indication that the trial court did so, or even

that the trial court relied on the assignment when it directed the verdict against the Department.

Moreover, counsel for the Danieles never moved to admit the assignment into evidence. Because the assignment was not received into evidence, it was not preserved for appellate review. *Meramec Valley Bank v. Joel Bianco Kawasaki Plus, Inc.*, 14 S.W.3d 684, 688 (Mo.App. E.D.2000). Accordingly, the assignment, while filed with this Court as an exhibit in the case, may not be considered by this Court as part of the record on appeal. *Id.*

We note that there is some testimony in the record regarding the Department's assignment of the waterline easement to Missouri American Water. Nevertheless, this testimony is not sufficient to establish that the assignment was a complete divestiture of all rights and interests. In short, the record before this Court does not establish that the Department unconditionally assigned all of its rights, title and interest to Missouri American Water and thus does not establish that the Department is not the real party in interest.

### 3. Conclusion as to Breach of Contract Claim

In conclusion, we find that the grounds presented to the trial court in the Danieles' motion for directed verdict do not support a directed verdict in the Danieles' favor on the Department's breach of contract claims. Whether the Department pled and proved special damages is irrelevant to the determinative question of whether it made a submissible case on its claim for breach of contract. *Wasson,* 964 S.W.2d at 524. We find above that the Department did, in fact, make a submissible case on its counterclaim for breach of contract. In addition, the record before this Court does not establish that the Department is not the real party in interest. Therefore, we reverse the judgment of the trial court entering a directed verdict in the Danieles' favor on the Department's claim for breach of contract.

### B. The Department's Trespass Claims

Notably, the Danieles did not mention the Department's trespass claims in their written motion for a directed verdict, nor did counsel or the court discuss those claims on the record. Nevertheless, the trial court entered its judgment directing the verdict in the Danieles' favor on all of the Department's counterclaims, including its trespass claims. The Danieles, in responding to the Department's cross-appeal, ask this Court to affirm the judgment. Thus, we must review the grounds for affirming the judgment asserted by the Danieles to determine whether they support a directed verdict on the Department's trespass claims.

As stated above, in their response to the Department's point on cross-appeal, the Danieles assert two grounds for affirming the judgment: (1) the Department failed to plead and prove special damages and (2) the Department is not the real party in interest. However, nowhere in the record or on appeal do the Danieles specifically argue that the Department's failure to plead and prove special damages is fatal to its trespass claims. In fact, in their motion filed with the trial court and in the discussion on the record, the Danieles' argument that they are entitled to a directed verdict because the Department failed to plead and prove special damages is limited to a discussion of the Department's breach of contract claim. An issue not raised in a motion for directed verdict is not preserved for appellate review. *See Daniels v. Board of Curators of Lincoln University,* 51 S.W.3d 1, 6 (Mo.App. W.D.2001). Therefore, we will not consider whether the Department's alleged failure to plead and prove special damages is a sufficient

ground upon which to affirm the directed verdict on the Department's trespass claims.

Again, the Danieles do not argue that the Department's alleged failure to plead and prove special damages is fatal to its trespass claims. Therefore, in asking this Court to affirm the judgment directing a verdict in the Danieles' favor on all the Department's counterclaims, including its trespass claims, the Danieles presumably rely on their position that the Department is not the real party in interest. The Danieles argue that the Department is not the real party in interest and therefore has no standing to maintain this suit. *See, e.g., Patrick,* 825 S.W.2d at 13 (treating standing and real party in interest as synonymous). However, for the reasons stated above in Section A.2., we find that the record does not support a directed verdict on the Department's trespass claims on the grounds that the Department is not the real party in interest.

In conclusion, we find that the grounds stated in the Danieles' motion for a directed verdict do not support a directed verdict in their favor on the Department's trespass claims. The Danieles did not argue in their motion for directed verdict that the Department's failure to plead and prove special damages was fatal to its trespass claims, and therefore that argument is not preserved for appellate review. In addition, the record before this Court does not support a finding that the Department is not the real party in interest. Accordingly, we find no basis for the court's directed verdict on the Department's trespass claims, and therefore the judgment as to those claims must also be reversed. The Department's point on cross appeal is granted.

## III.  CONCLUSION

The judgment of the trial court directing a verdict in favor of the Danieles on the Department's counterclaims for breach of contract and trespass is reversed. We remand for further proceedings not inconsistent with this opinion.