

# Missouri Court of Appeals

### Southern District

### Division One

SKAGGS REGIONAL MEDICAL CENTER, )
)
Respondent, )
)
vs. ) No. SD32741
)
TAMMIE M. POWERS, ) FILED: February 18, 2014
)
Appellant. )

APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable James K. Justus, Judge

**<u>AFFIRMED</u>**

Could a creditor, having partially assigned a claim to a third party for collection per RSMo § 425.300, still sue and recover on the claim? We find, here, that it could.

### The Statute

Text unchanged since at least 1992, § 425.300 reads as follows:

> Collection agencies may take assignment of claims in their own name as real parties in interest for the purpose of billing and collection and bringing suit in their own and the claimant's names thereon, provided that no suit authorized by this section may be instituted on behalf of a collection agency in any court unless the

collection agency appears by a duly authorized and licensed attorney at law. Upon good cause being shown, a court may sever any actions brought under this section.

## Background

Respondent ("Skaggs") billed Appellant for medical services. She did not pay. Skaggs assigned the account to a collection agency pursuant to § 425.300.[1] The account was never reassigned to Skaggs, which later sued Appellant on the debt.

Appellant did not contest the debt at a one-witness bench trial (ten transcript pages), only Skaggs' right to sue:

> [APPELLANT'S COUNSEL]: My argument to the Court is that Skaggs Regional Medical Center does not hold the account anymore. They have transferred all of their rights to be the real party in interest and to collect the debt to the Credit Bureau Systems, Incorporated. They don't even have standing, Your Honor, to bring the suit, is what I'm arguing.
>
> [COURT]: And you're here on behalf of?
>
> [SKAGGS' COUNSEL]: Skaggs Regional Health Center, Your Honor. What they've assigned is that -- you can read the thing -- assigned their

---

[1] We quote the assignment in pertinent part verbatim (errors not corrected):

FURTHER, KNOWN ALL MEN BY THESE PRESENTS that, for value received, and pursuant, to 425.300 RSMO, SKAGGS REGIONAL MEDICAL CTR ("Assingor"), of __Taney__ County, Missouri hereby assigns and transfers to Credit Bureau Systems, Inc. ("Assignee"), for the purposes of billing, collection ,and bringing suit as the real party in interest in Assignee and Assignor's names, all of Assignor's rights, title, and interest in any and all monies due, or which may become due, on the following listed accounts: which amounts upon information and belief obtained from the records of Assingor of which Affiant has custody and control, are justly due in the amounts that follow:

RE: TAMMIE M POWERS
AMOUNT: $1697.60

Said sums are to bear interest at the rate of ____% per annum from the date _____.
Charges for the above-referenced services are reasonable, and the services were necessary. Assignee is hereby given full power and authority for its own use and benefit to ask, demand, collect, receive, compound, and give accountancy for same, or any part thereof, and in the name of Assignor, or otherwise to prosecute any suits therefore, and to select legal counsel for their purpose in the lawsuit claims or other creditors.

right and interest in assignee and assignee's name, all of assignor's right, title, and interest in all monies due. Basically, it's an assignment that lets them prosecute the case, is what it does. It's not an assignment of the amount owed. It's for collection purposes.

[APPELLANT'S COUNSEL]: Well, Your Honor, if they assigned all of their right to somebody else, how do they retain any right to bring suit? I mean, they either have assigned it or they have not assigned it.

[COURT]: All right. Thank you.

The trial court entered judgment for Skaggs against Appellant. She appeals.

## Claim and Analysis

Appellant's argument is well summarized in a single paragraph of her brief. Citing **Miller v. Dannie Gilder, Inc.**, 966 S.W.2d 397, 399 (Mo.App. 1998), she asserts that "a party who assigns their rights and interest in an asset or claim can no longer be the real party in interest for maintaining a civil action over the thing assigned; and thus such assignor thereafter lacks standing and capacity to sue as to the thing assigned."[2] Standing is a question of law that we review *de novo*. **Manzara v. State**, 343 S.W.3d 656, 659 (Mo. banc 2011).

We agree that, generally, "'absolute assignment of an entire right or interest works as a divestiture of all right or interest of the assignor; and, for the purpose of maintaining a civil action, the assignee becomes the real party in interest.'" **Daniele v. Missouri Dept. of Conservation**, 282 S.W.3d 876, 880 (Mo.App. 2009) (quoting **McMullin v. Borgers**, 806 S.W.2d 724, 731 (Mo.App. 1991)). However, this rule applies only when the *entire* cause was assigned. **Holt v. Myers**, 494 S.W.2d 430, 437 (Mo.App. 1973). *See also* **C & M Developers, Inc. v. Berbiglia,**

---

[2] **Miller** did not involve § 425.300 nor did it analyze, address, or mention standing. At issue was non-joinder and jurisdiction, as to which case law and court rules have since changed. *See* 17A Missouri Practice, *Civil Rules Practice* § 87.04:1 (2013 ed.).

***Inc.***, 585 S.W.2d 176, 181 (Mo.App. 1979) (conditional assignment does not divest all right or interest of assignor); ***Cantor v. Union Mut. Life Ins. Co.***, 547 S.W.2d 220, 225 (Mo.App. 1977) (similar).

Finding no Missouri case on our precise issue, we considered commentary stating that an assignor for collection purposes remains a real party in interest and may sue to protect its rights. *See* 6A Wright & Miller, Federal Practice & Procedure § 1545 (3d ed., updated 2013). Federal and state cases are to similar effect; for example:

> Concerning these partial assignments for collection Williston says:
>
>> There is in effect a total assignment, so far as the collection of the claim is concerned. The assignee is dominus of the whole claim and becomes trustee of a portion of the proceeds after collection. What has been said already in regard to assignments of an entire claim is applicable to such cases, except that if all persons interested are parties to a suit to collect the claim, the assignee's recovery will be limited to the amount which he is equitably entitled to keep.
>
> *Id.*[3] Corpus Juris Secundum also discusses this type of assignment and declares:
>
>> (T)he assignor may sue where he retains a beneficial interest in the chose in action assigned, as where the assignment is for security, or for collection, although it has been held that the fact that the assignor has guaranteed collection of an assigned claim will not permit him to sue thereon.
>
> 6A C.J.S. Assignments § 104. Finally, on assignments for collection, see Wright & Miller: "Thus in an action involving an assignment for collection, which was referred to earlier, or an assignment for security, the assignor retains a sufficient interest in the property to be a real party in interest, and under Rule 17(a) either party may sue to protect his rights." 6 Wright & Miller, Federal Practice and Procedure: Civil § 1545 (1971).

---

[3] Citing 3 Williston on Contracts § 441 (3rd ed. 1960).

***Rohner, Gehrig & Co. v. Capital City Bank***, 655 F.2d 571, 579 (5th Cir. 1981). *See also **In re Hooker Investments, Inc.***, 116 B.R. 375, 379 (Bankr. S.D.N.Y. 1990) (assignor for collection "retained a sufficient interest in the commissions to be a real party in interest in the actions"); ***In re Liquidation of Home Ins. Co.***, 953 A.2d 443, 451 (N.H. 2008) (where assignment is for collection, assignor retains a beneficial interest and may sue).[4]

To quote a less-pedigreed source: "Absolute assignments and assignments for collection differ in that an assignor for collection can sue on the assigned debt in his or her own name ...." 6A C.J.S. *Assignments* § 97, p. 489 (2004).[5]

In summary, the trial record does not support Appellant's claim that Skaggs lacked standing to sue. Judgment affirmed.

DANIEL E. SCOTT, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. –  CONCURS

WILLIAM W. FRANCIS, JR., C.J. –  CONCURS

---

[4] We find collateral support for this view in Missouri cases noting that assignments as security, likewise, do not "work a divestiture of all right or interest of the assignor therein but, to the contrary, he retains a sufficient right or interest therein to qualify as a real party in interest for the purpose of maintaining a civil action." ***C & M Developers,*** 585 S.W.2d at 181 (citing, among others, ***Cantor***, 547 S.W.2d at 226).

[5] Assignments for collection sometimes are treated as principal-agent relationships; the assignee-collector being treated as the creditor's agent. ***Home Ins.***, 953 A.2d at 548-49; 6A C.J.S. *Assignments* § 97, p. 489.